41700.   MARSHALL v. THE STATE.

SUBMITTED JANUARY 5, 1966—DECIDED JANUARY 25, 1966—
REHEARING DENIED FEBRUARY 9, 1966—

*Ralph L. Crawford,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Tom Edenfield,* for appellee.

HALL, Judge.  ■   One of the enumerations of error is that the trial court erred in overruling the defendant's motion to suppress evidence, which was renewed when the evidence was introduced at the trial.   The ground of the objection to the evidence obtained by use of the warrant was that the warrant was not supported by proper affidavit.   The following evidence was presented at the hearing on the motion: The search warrant recited that "additional facts under oath have been submitted to [the magistrate] with reference to the location, possession and nature of such contraband."   The officer procuring the warrant testified that the "additional facts" referred to in the warrant were those he testified to before the magistrate when he appeared before the Recorder's Court of Savannah to take out a warrant for search of the defendant's premises and person for lottery paraphernalia known as bolita; and that the facts he then disclosed to the

magistrate of that court were that he had information from a reliable informant, from whom he had received true information before, that the defendant was selling bolita; that he and another officer had put the defendant's house under observation for two days and the first day in about 1½ hours saw 12 people go in, and the second day in about 2 hours saw 7 people go into the house, and one of these people was a man known to the officer as a bolita operator.

■ The Constitution of Georgia (*Code* § 2-116, infra) "forbids the issuance of . . . [a search] warrant unless there are facts constituting probable cause submitted to the magistrate for his judicial determination, and these must be supported by oath or affirmation." *Smoot v. State,* 160 Ga. 744, 747 (128 SE 909, 41 ALR 1533). Both the United States Constitution and the Georgia Constitution provide: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except upon probable cause, supported by oath, or affirmation, particularly describing the place or places to be searched, and the persons or things to be seized." *Code* § 2-116; Amendments to the Constitution of the United States of America, Article IV (*Code* § 1-804). (The differences in wording between the provisions of the United States and Georgia Constitutions are not significant.) What is necessary by way of oath or affirmation to support the requirement of probable cause for issuing a search warrant has been the subject of many court decisions. This court in *Johnson v. State,* 111 Ga. App. 298, 305 (141 SE2d 574) held after considering judicial precedents that when a search warrant and the affidavit upon which it is issued do not recite sufficient facts upon which a determination of probable cause could be made by the issuing magistrate, the burden is on the State to show that sufficient facts were submitted before the magistrate to establish the existence of probable cause.

In *Carson v. State,* 221 Ga. 299 (144 SE2d 384), the Georgia Supreme Court stated that the affidavits considered in that case were the only basis for the issuance of the search warrants, so far as the records showed, and since they stated no facts or

circumstances underlying the belief that the defendants "were engaged in violation of the . . . laws of this State, did not furnish a sufficient basis for a finding of probable cause." The opinion further stated that the case of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) was controlling. It was decided in the Aguilar case that the search warrant, issued by a Texas justice of the peace, should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause. The opinion states, however, that if other information than that contained in the affidavit "had been appropriately presented to the magistrate, this would, of course, present an entirely different case." Aguilar v. Texas, supra, p. 109, fn. 1. The defendant's contention is that the information upon which the magistrate's determination of probable cause is based must appear on the face of the affidavit or warrant. The Georgia and United States Constitutions require only that the finding of probable cause be "supported by oath or affirmation." In each of the cases the defendant relies upon, the facts recited in the affidavit or warrant were the only facts shown to have been testified to before the magistrate issuing the warrant. See U. S. v. Kelly, 277 F 485; Baysden v. State, 271 F2d 325.

We know of no case holding that if information sufficient to uphold a determination of probable cause is presented under oath to a state magistrate, the failure to record the information in the form of an affidavit invalidates the search warrant. (Rule 41 (c) of the Federal Rules of Criminal Procedure provides: "A [search] warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant." 18 U.S.C.A. 212). The United States Supreme Court expressly limited its decision in Aguilar to the situation where facts and circumstances shown in the affidavit were the only facts presented to the magistrate. The view of this court, expressed in *Johnson v. State,* 111 Ga. App. 298, supra, is that information supporting a finding of probable cause may be presented to the magistrate by means of an affidavit or by oral testimony.

Therefore, the question for us to determine is whether the information presented under oath to the magistrate in this case

was sufficient to support a finding of probable case. The courts have decided that the Constitution requires that there be presented to the judicial officer issuing the warrant some of the underlying circumstances relied on by the officer applying for the warrant, and, if the officer relies on an informant, some of the underlying circumstances from which the officer concluded that his informant was reliable. Aguilar v. Texas, 378 U.S. 108, supra; U. S. v. Ventresca, 380 U.S. 102 (85 SC 741, 13 LE2d 684). We hold that the officer's testimony before the magistrate, outlined above, met this requirement. Jones v. U. S., 362 U.S. 257 (83 SC 73, 9 LE2d 88); accord Ker v. California, 374 U.S. 23, 36 (83 SC 1623, 10 LE2d 726).

The trial court did not err in admitting evidence over the defendant's objection.

■ The following evidence was presented in this case. When officers went to the house to execute the search warrant the defendant, Ludella Marshall, admitted them. An officer answered the telephone in the house and the caller wanted to speak to Ludella and then gave him numbers for the purchase of bolita. The defendant had on her person a tally sheet which the officers identified as something a seller of bolita would have. The defendant attempted to destroy this sheet. The defendant was advised of her right to counsel and that she did not have to make any statement, and she voluntarily stated that she was selling bolita and that $8.40 in her possession was money she had collected from it. The evidence authorized a conviction. *Williams v. State*, 111 Ga. App. 672 (143 SE2d 19).

■ Enumerations of error on the admission of evidence to which no objection was made at the trial, or to which objection was made without specifying a ground of objection, are without merit. *Andrews v. State*, 118 Ga. 1 (43 SE 852); *Pylant v. State*, 191 Ga. 587 (13 SE2d 380); *Hicks v. State*, 216 Ga. 574, 576 (118 SE2d 364); *Scarboro v. State*, 24 Ga. App. 27, 28 (99 SE 637); *McBride v. Johns*, 73 Ga. App. 444 (36 SE2d 822); *Moultrie v. State*, 93 Ga. App. 396 (92 SE2d 33); *Austin v. State*, 100 Ga. App. 142 (110 SE2d 422).

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*