44828. FOWLER v. THE STATE.

ARGUED OCTOBER 8, 1969—DECIDED JANUARY 16, 1970.

*Denny C. Galis,* for appellant.

*Thomas W. Ridgway, District Attorney,* for appellee.

QUILLIAN, Judge. The affidavit submitted to the magistrate as the basis for issuing the search warrant reads as follows: "The facts tending to establish affiant's reason for belief and probable cause for belief are as follows: information received by the affiant from a reliable informer that has given reliable information in the past 4 years that has resulted in the arrest and conviction of several subjects. Informer advised that he personally observed marihuana plants growing in a flower box at the above location and fully described said plants to the affiant and said affiant. being familiar with marihuana plants

and marihuana from past experience. Affiant also has received other information in the past that marihuana, narcotic and dangerous drugs are located on the above premises." The defendant contends that the warrant was invalid on its face for several reasons among which is that it was impossible for the magistrate to make an independent judgment as to whether or not the information was current or stale. This objection is meritorious and in our view dispositive of the case.

While there are no Georgia cases precisely on this point, research of foreign authority indicates unanimity in the decisions that a prime element in the concept of probable cause is the time of the occurrence of the facts relied upon. Anno., 100 ALR2d 525. As was held in Welchance v. State, 173 Tenn. 26, 28 (114 SW2d 781), in order to justify the issuance of a search warrant "it is essential that the date on which the alleged offense was committed be stated in the affidavit in order that the magistrate may determine whether probable cause exists for the issuance of the warrant." The rationale behind this approach is succinctly set forth in Bentley v. Commonwealth, 239 Ky. 122, 125 (38 SW2d 963), where the court recognized that if an affidavit be deemed sufficient without any recitation of the time when the alleged facts happened: "then the conduct of the citizen throughout the entire period of his past life would furnish grounds for continuous and repeated searches of his premises, if, perchance, he had been guilty during that period of harboring on his premises contraband articles which it was lawful to discover by a search warrant, if properly obtained." The court proceeded to point out that it was not necessary that the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant.

The U. S. Constitution expresses the universal mandate that a search warrant may issue only upon probable cause. Fourth Amendment (*Code* § 1-804). Georgia also has the requirement that a search warrant be issued under oath or affirmation and

state facts sufficient to show probable cause that a crime is being committed or has been committed. *Code Ann.* § 27-303 (Ga. L. 1966, pp. 567, 568). See *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). See also Article I, Section 1, Paragraph XVI of the Georgia Constitution (*Code Ann.* § 2-116).

The need for timeliness is recognized in *Code Ann.* § 27-306 (Ga. L. 1966, pp. 567, 569) which declares warrants not executed within 10 days from the time of issuance shall be void. In Sgro v. U. S., 287 U. S. 206, 210 (53 SC 138, 77 LE 260, 85 ALR 108), the Supreme Court recognized a similar statutory provision as indicating legislative intent, as well as constitutional demand, that probable cause relates to current and not stale information. The court pointed out: "While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."

From our sister States various decisions have been based on the validity of such terms as "recently," "within" a named period, "during" a named period, and "on many occasions." However, we make no intimation as to what specific language need be used to meet this prerequisite, since in this case no reference whatsoever was made with regard to the time the information was obtained or related to the affiant. Absent any statement in the affidavit as to the time of the occurrence in question, the magistrate could not make an independent determination as to whether probable cause still existed for the issuance of the search warrant. See Sgro v. U. S., 287 U. S. 206, supra; Rosencranz v. U. S., 356 F2d 310, 315; Neal v. Commonwealth, 218 Ky. 718 (292 SW 314); Bruce v. Commonwealth, (Ky.) 418 SW2d 645; People v. Musk, 231 Mich. 187 (203 NW 865). See in this connection *Burns v. State,* 119 Ga. App. 678, 683 (168 SE2d 786). Hence, the search warrant was invalid and the trial judge erred in overruling the defendant's motion to suppress.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*