## 45489. WINDSOR v. THE STATE.

BELL, Chief Judge. The defendant appeals his conviction and sentence for the possession of narcotics (marihuana).

Defendant's motion to suppress the evidence of marihuana found as a result of a search and seizure of premises occupied by him was overruled. Defendant contended that the warrant was unlawful for several reasons, one of which was an insufficient showing of probable cause for the issuance of the warrant. The

affidavit of a police officer submitted to the issuing judicial officer contained factual statements that an informer who had in the past given reliable information, "has personally seen said narcotics and dangerous drugs in the possession of" the defendant. The affidavit does not set forth the time when the marihuana was seen in the possession of defendant. A "prime element in the concept of probable cause is the time of the occurrence of the facts relied upon." *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447). The failure to include in the affidavit the time of the occurrence in question is a fatal defect under *Fowler.* The trial court erred in overruling the defendant's motion to suppress.

*Judgment reversed. Quillian and Whitman, JJ., concur.*
ARGUED SEPTEMBER 8, 1970—DECIDED NOVEMBER 6, 1970.

*James B. Finley,* for appellant.
*E. Mullins Whisnant, District Attorney, Eugene Hardwick Polleys, Jr.,* for appellee.