46642.   GILLIAM v. THE STATE.

JORDAN, Presiding Judge. Under the statute and repeated rulings of this court and the Supreme Court whether a judicial officer had probable cause for the issuance of a search warrant is dependent upon information presented to him before issuance *"under oath or affirmation."* (Emphasis supplied). Ga. L. 1966, pp. 567, 568 *(Code Ann.* § 27-303); *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574); *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666); *Wood v. State,* 118 Ga. App. 477 (164 SE2d 233); *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786); *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42).

The only basis for probable cause presented "under oath or affirmation" in the present case to the magistrate is that shown by the supporting affidavit of the requesting officer, as follows: "Subject has been under observation by police officer for several weeks. Officers received information from informer whose information in the past has resulted in several seizures and arrest of heroin users, that heroin was being sold by the above subject. This informer purchased a small amount of white powder known as 'Scag.' This powder was tested by a chemist and found to be heroin and quinine."

It is deficient in failing to show that the tip, even if from a reliable informer, relates to an offense or offenses closely related in time to the date of the affidavit, August 29, 1969, and it does not show when, from whom, and under what circumstance the informer purchased the substance identified as heroin. See *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751); *Flournoy v. State,* 123 Ga. App. 658 (182 SE2d 159); *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513). For requirements generally, see the recent case of United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723).

The magistrate not having before him sufficient information on oath or affirmation to support a determination of probable cause when the search warrant was issued, the trial judge erred in not sustaining the motion to suppress, and evidence obtained pursuant to the search was inadmissible to show possession of heroin.

*Judgment reversed. Quillian and Evans, JJ., concur.*
ARGUED OCTOBER 6, 1971—DECIDED NOVEMBER 12, 1971.

*John H. Ruffin, Jr.,* for appellant.