## 46719. DRESCH v. THE STATE.

DEEN, Judge. 1. This case comes up on a certificate of immediate review of an order overruling a motion to suppress evidence on the ground that the warrant under which the defendant's premises were searched and marijuana found was based on an affidavit not legally sufficient. The affidavit basically showed three sources of information: (a) an identified informer had previously detailed incidents highlighting Dresch's activities as a user and pusher of drugs over a period of time between 12 and 18 months previously. This obviously of itself is no basis for the issuance of a warrant because the information is stale. *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447). Since, however, the "other crimes" inhibition does not apply to the concept of probable cause, the length of time over which Dresch had been considered suspect does have some bearing in connection with (b) the information of another informer who had, within the week immediately preceding the issuance of the warrant, heard Dresch say that he still used drugs regularly, and who had also previously been known to the informant as a dealer; and (c) the statement of a third informer, Wat-

ters, a student, who when arrested was found to have $90 on his person which he stated was to be used to purchase marijuana from the defendant, and that half the money belonged to him and half to one Larry Cudsik. Cudsik, when questioned by the investigating officers, confirmed the truth of this statement.

The affidavit on which the warrant issues, when it depends for its efficacy upon statements made by others, must either specifically state how the informer obtained the information or the tip should describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor or an accusation based merely on reputation. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473). Watters' information was elicited at a time when he was actually under arrest himself for possession of marijuana and an attempt to co-operate with police authorities may possibly be inferred. It was sufficient to indicate the criminal activity involved. Considered in its totality, the information accumulated by the police added up to probable cause that Dresch did in fact possess marijuana.

2. We assumed in the first headnote that Watters positively identified Dresch, which is also a point in dispute. In this regard the officers were given a telephone number at which Watters was supposed to contact the seller, identified by him as Fred D. who was in Mrs. Purcell's 7th period English class. The telephone number was registered in Dresch's name, and Dresch was in the indicated English class. These facts sufficiently identified Dresch, with whom Watters had previously been in contact by telephone regarding the purchase.

3. The affidavit identified the defendant's premises as "one beige and white mobile home located at 283 Woody Drive, Clarke County, placed between two other mobile homes in a clump of trees." The description of the premises was sufficient.

4. The existence or nonexistence of probable cause must be

judged as of the time when it is presented to the magistrate. Minor factual inaccuracies which are only peripherally relevant to the showing will not void the warrant where their presence in the affidavit is not such as to reflect on the credibility of the affiant. *Summerville v. State,* 226 Ga. 854 (1) (178 SE2d 162).

The warrant is valid and the evidence obtained thereunder will not be inadmissible on the trial of the case for any reason urged in this appeal.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.* ARGUED NOVEMBER 1, 1971—DECIDED NOVEMBER 24, 1971.

*Henritze & Smith, Walter M. Henritze, Jr.,* for appellant.
*Thomas W. Ridgway, District Attorney, Charles T. Shean, III,* for appellee.