## 46804.  LEWIS v. THE STATE.

124

SUBMITTED JANUARY 3, 1972—DECIDED APRIL 7, 1972—
REHEARING DENIED APRIL 21, 1972.

*M. C. Pritchard,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.

BELL, Chief Judge. ■ The motion to dismiss the appeal is denied.

■■ There is no merit in either contention of the defendant that the search warrant is void because the affiant was not sworn or because of the failure to make a return on the articles seized. The testimony of the justice of the peace and the affiant given at the suppression hearing both affirmatively show that the latter gave his evidence under oath. The failure to make a return on the search warrant is a ministerial act and does not affect the validity of the search. *Williams v. State,* 125 Ga. App. 170 (186 SE2d 756).

■ There remain questions of whether the warrant was rendered unlawful because of the alleged unlawful trespass upon defendant's premises and the alleged failure to make

a proper showing of probable cause for issuance of the warrant. The State contends there was no search at all as the property was seen from the public road, thus open to public view. This point is well taken. A police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067). What is the effect of their subsequent entry without a warrant onto the defendant's premises? The trucks were right next to the defendant's house within an enclosed yard and within the curtilage. It is the general rule that a warrant is required to search the curtilage. *Black v. State,* 119 Ga. App. 855, 857 (168 SE2d 916). The intrusion under those circumstances was a trespass and unlawful. It cannot be said that no search was conducted because of the fact that at least the items on the pickup were open to plain view. The serial number on the water heater was not open to view nor was any of the contraband contained on the van truck, except the stepladder.

A search is a quest for information and that is exactly what the officers were accomplishing when they entered. This search without a warrant cannot be justified on the basis that the trucks were movables. See Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). The trucks were unoccupied and not located on a public street; there was no threatened removal or destruction of the criminal goods. Johnson v. United States, 333 U. S. 10 (68 SC 367, 92 LE 436). That there was ample opportunity to obtain a warrant is conclusively shown by the fact that one was obtained. Thus any information acquired by these officers *after* entry onto defendant's premises was unlawfully obtained as there was no search warrant at that time authorizing the entry. *Black v. State,* 119 Ga. App. 844, supra. The inquiry posed is whether the unlawful entry of the officers so tainted the evidence as to preclude the State from using it. The "fruit of the poisonous tree" doctrine is limited to evidence which the police cannot trace to an independent and

lawful source. Silverthorne Lumber Co. v. United States, 251 U. S. 385 (40 SC 182, 64 LE 319, 24 ALR 1426); Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441). The observation by the police on the public street as to what was contained in the pickup truck as well as the tire tracks and mud grip tires was legitimately obtained and would constitute probable cause for an issuance of a warrant which would authorize seizure. If lawfully obtained information amounts to probable cause, separate and apart from the tainted information, the evidence seized pursuant to the warrant is admissible provided the lawful evidence showing the probable cause is furnished in the affidavit supporting the warrant. United States v. Sterling, 369 F2d 799; James v. United States, 418 F2d 1150. The affidavit in this case, made by the officer who did not enter the premises, recited that the affiant was positive that there "is now" located on defendant's premises the described missing items of property "which are stolen from Walter and Tom Wilson at Douglas, Georgia . . . and the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: Items listed above were actually seen by the affiant in the yard and on premises to be searched." It does not appear from the record that any additional oral testimony was furnished to the justice of the peace who issued the warrant. Therefore, the facts recited in the affidavit are determinative of the question. *Carson v. State,* 221 Ga. 299 (144 SE2d 384); *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666); *Gilliam v. State,* 124 Ga. App. 843 (185 SE2d 290). It can easily be seen that the recited facts do not include any evidence unlawfully obtained by the trespassing officers. Although the date the affiant saw the alleged stolen goods is not affirmatively shown, it is not necessary that "the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fow-*

*ler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447). The use of the present tense by the affiant that the stolen property "is now" located on defendant's premises was sufficient to authorize the issuing judicial officer to make an independent determination that the observation of the policeman relied upon was current and not stale. *Johnston v. State,* 227 Ga. 387 (181 SE2d 42). The evidence submitted to the magistrate was sufficient to show probable cause and the trial court did not err in overruling the motion to suppress.

■ The defendant upon taking the witness stand was advised by his counsel that he had the right to make "such statement in your own behalf as you see fit." The district attorney then inquired in the presence of the jury as to whether the statement would be made under oath or not. No answer was ever given. The jury was excused and the defendant then moved for a mistrial which was refused. The defendant then made an unsworn statement. The district attorney's inquiry does not amount to a comment upon the failure to testify under oath. See *Pennington v. State,* 117 Ga. App. 701 (8) (161 SE2d 327).

■ The defendant was convicted of a crime alleged and proven to have been committed on May 1, 1970. His trial was conducted on April 8, 1971. At trial he objected to being subjected to the provision of the Act approved March 27, 1970, which became effective on July 1, 1970. Ga. L. 1970, p. 949 (*Code Ann.* § 27-2534). This objection was overruled. The statute provides for a bifurcated trial procedure, viz., a hearing on the issue of guilt or innocence and a hearing on the punishment to be imposed by the jury in the event of conviction in which "the jury shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . or the absence . . ." thereof. This issue is controlled adversely to defendant by the Supreme Court in *Todd v. State,* 228 Ga. 746 (187 SE2d 831).

■ The prior criminal record of defendant was admitted during the pre-sentence hearing. Defendant's showing in mitigation and extenuation was limited to an unsworn

statement. The trial court denied defendant's motion to allow defendant the opening and concluding argument on the issue of punishment. He contends that this was error which requires us to reverse and grant to him another sentence hearing. At the time of trial, the pre-sentencing statute then in effect, cited in Division 4 above, provided in part: "The jury shall also hear argument by the defendant or his counsel and the prosecuting attorney, as provided by law, regarding the punishment to be imposed . . ." It made no provision as to who had the right to open and to conclude. However, *Code* § 27-2201, which antedates the more recent statute providing for a separate hearing on sentence, does make provision as to which party will open and close, and at the time of this trial would apply. The latter Code section grants the defendant's counsel the right to open and conclude if the defendant introduces no testimony. The Supreme Court and this court have reversed where the defendant made only an unsworn statement at trial, submitted no other evidence and was denied the right to have his counsel make the opening and concluding argument. *Seyden v. State*, 78 Ga. 105 (4); *Park v. State*, 224 Ga. 467 (162 SE2d 359); *Hart v. State*, 88 Ga. App. 334 (76 SE2d 561). Thus, we reverse. Since this error occurred in the pre-sentence hearing, "the new trial which may be ordered shall only apply to the issue of punishment," and further in view of the 1971 amendment to the pre-sentence hearing statute, the State will "open and the defendant shall conclude the argument to the jury," on any new trial on the issue of sentence. Ga. L. 1970, pp. 949, 950; 1971, p. 902 (*Code Ann.* § 27-2534).

■ All other enumerations of error have been abandoned.

The judgment is reversed and a new trial ordered on the issue of punishment only.

*Judgment reversed. Eberhardt, P. J., and Evans, J., concur.*