## 47433.   DAVIS v. THE STATE.

CLARK, Judge. 1. This appeal involves principally the legality of a search and consequent seizure of a package of contraband drugs. As defendant's motion to suppress supplemented by a motion to quash the indictment revolves around the legality of the search warrant, we quote the pertinent portions of the officer's affidavit upon which it was issued by the magistrate:

"On October 21st, 1970, at approximately 6:30 a.m., I received information from a confidential reliable person who stated that a telephone call had been made to Oakland, California by a person who requested from the party being called to send the caller, a person by the name . . . first name or nickname, Mike, and last name unknown—that send him a quantity of mescaline and heroin by United States mail addressing the package to Arthur Davis, care of the East Winds Gift Shop, Savannah Beach, Georgia and further that the package be bound by a string. At approximately 7:30 p.m. on 21 October, I again received information from another confidential, reliable person who stated to me that they had personal knowledge that a telephone call was made to California at about 3 p.m. on October 20th, 1970, by a Caucasian male named Mike, last name unknown, requesting that several types of drugs or narcotics be forwarded by way of United States mail, care of the East Winds Gift Shop, Savannah Beach, Georgia, and that the package be sent as soon as possible; this person also believed that the package would be sent from Oakland, California, but further stated that it was not known who would actually pick up the package from the Post Office at Savannah Beach, Georgia. The reliability of the above persons who furnished this information has been established by providing and substantiating information which has led to the arrest of individuals for narcotics or drugs. Since neither of these two persons are aware of the fact that the same information was provided by both

of them, it is my opinion as an investigator that the information furnished will prove reliable. Verification by the United States Postal Inspector and the Postmaster at Savannah Beach, Georgia, that the package described above has arrived will result in surveillance being conducted on the Post Office and a supporting affidavit to this affidavit will be furnished the court. Since it is not known who . . . will actually pick up or receive the package at the Post Office it is requested that this affidavit support one search warrant for the package so described and addressed and one search warrant for the place of business to which the package is addressed, the East Wind Gift Shop, Savannah Beach, Georgia." (T. 9-12).

After ascertaining from the Post Office at Savannah Beach on Tybee Island[1] that a package, tied with a string, had arrived from Oakland, California, addressed to Arthur Davis, East Winds Gift Shop, Savannah Beach, Georgia, the officers watched defendant pick up the package and enter an automobile with another young male. They followed the vehicle until it had gone several blocks beyond the location of the East Winds Gift Shop. Then they stopped the car and in the enforcement of the search warrant obtained the package. Examination showed conformance with the information from the tipsters and upon opening it they discovered beneath a salt-and-pepper shaker set a plastic bag containing 1,000 red and green tablets. Later analysis by the state crime laboratory proved these to be LSD, an illegal drug.

Although there was a discrepancy in that the defendant was never known by the nickname of "Mike" and there

---

[1]It is possible the parties may have been misled by the apocryphal tale which is a part of Geechee lore that in the days of State prohibition when liquor was openly sold in "The Free State of Chatham" that defense lawyers convinced juries to acquit their clients on the argument that "Neither the laws of God nor of man apply to Tybee Island."

was no heroin, the motions to suppress and to quash the indictment were overruled. With this evidence being admitted the jury found defendant guilty.

Appellant contends the affidavit was not sufficient because it did not show probable cause in that it does not contain sufficient corroborative information to enable the magistrate to make a determination that a crime has been committed or was being committed, and because the affidavit is deficient as to how the informer obtained the information. The question of timeliness is also raised.

The attacks are based upon the U. S. Supreme Court cases of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637). When these cases were considered by our court in *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473) we stated "These tests are: (1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" The affidavit here passes these tests.

Additionally, it is evident that the two tips represent "personal and recent observations by an unidentified informant of criminal activity, factors showing that the information has been gained in a reliable manner, and serving to distinguish both tips from that held insufficient in Spinelli, supra, in which the affidavit failed to explain how the informer came by this information. Spinelli, supra, at 416." United States v. Harris, 403 U. S. 573, 579 (91 SC 2075, 29 LE2d 723). See also Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697). "An affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant" so long as the magistrate is "informed of some of the underlying circumstances" supporting the

affiant's conclusions and his belief that any informant involved "whose identity need not be disclosed . . . was 'credible' or his information 'reliable'." Aguilar v. Texas, 378 U. S. 108, supra, p. 114.

Affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial. McCray v. Illinois, 386 U. S. 300, 311, (87 SC 1056, 18 LE2d 62). Only the probability, and not a prima facie showing of criminal activity, is the standard of probable cause. Beck v. Ohio, 379 U. S. 89, 96, (85 SC 223, 13 LE2d 142). See also Brinegar v. United States, 338 U. S. 160, 172 (69 SC 1302, 93 LE 1879), for a discussion with reference to difference in the quanta and modes of proof required to establish them as between guilt and probable cause and Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327).

There was presented to the magistrate here sufficient evidence to meet the requirement of "probable cause."

2. The second issue which defendant raises is that the affidavit is insufficient to support a warrant because it does not state the time of occurrence relied upon. Probable cause must relate to "current and not stale information." Sgro v. United States, 287 U. S. 206, 210 (53 SC 138, 77 LE 260, 85 ALR 108); Terry v. State, 123 Ga. App. 746, 747 (182 SE2d 513). Code Ann. § 27-306 in limiting the time to 10 days from date of issuance in which search warrants may be executed recognizes the importance of current information. The present case differs from Fowler v. State, 121 Ga. App. 22 (172 SE2d 447) where no dates were included in the affidavit, for here there is stated the date and time of both tips (October 21 at 6:30 a.m. and 7:30 p.m.), the date and time of the phone call (October 20, at 3 p.m.) requesting shipment of narcotics, and that the shipment be made as soon as possible. The hour that the package is to be picked up could not be ascertained, but it is unreasonable to require the police to aver facts concerning which obtaining knowledge is a practical impossibility.

As was pointed out in *Terry v. State,* 123 Ga. App. 746, 747, supra, this question of the information being "current or stale" was thoroughly discussed in *Fowler v. State,* supra, where it is recognized that it may be impossible to give the precise date of the occurrence. Furthermore, as is quoted in the *Terry* opinion from *Fowler,* it is not necessary where it "appear[s] from the facts that the occurrence [is] so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." The tips here were current in that only an interval of one day occurred between the time that the police received the information and the warrants were executed.

3. As the trial judge has a wide discretion in the handling of a trial, there have been numerous cases finding no abuse of such discretion in allowing the State to re-open its cases after it has rested to produce further evidence. *John v. State,* 16 Ga. 200 (5); *Williams v. State,* 60 Ga. 367 (3); *Britten v. State,* 221 Ga. 97 (143 SE2d 176); *Mobley v. State,* 221 Ga. 716 (146 SE2d 735).

"If the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretion has been exercised in an illegal, unjust or arbitrary manner." *International Assn. of Machinists v. Street,* 215 Ga. 27 (3) (108 SE2d 796); *Anderson v. State,* 120 Ga. App. 147, 148 (169 SE2d 629).

As was said in the early case of *Bigelow v. Young,* 30 Ga. 121 (3), "It is within the discretionary power of the court to allow a witness to be sworn, after the evidence on both sides has been announced closed, and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice." This has been permitted in criminal cases. *Duggan v. State,* 116 Ga. 846 (2) (43 SE 253); *Britten v. State,* 221 Ga. 97,

supra. This is true even though the additional testimony may not have been for rebuttal purposes. *Burden v. State,* 182 Ga. 533, 534 (186 SE 555).

The trial judge here did not abuse his discretion in permitting the State to re-open its case for the purpose of clarifying the chain of possession of the seized contraband even though this was done after the State had closed its case and defense counsel had moved for a directed verdict of acquittal. See *Code* § 24-104 (4).

4. As the evidence authorized a conviction, there was no error in overruling defendant's motion for a directed verdict and the general grounds in the motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 20, 1972.

*Pierce, Ranitz, Berry, Mahoney & Forbes, Morton G. Forbes, C. James McCaller, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Howard M. Mc-Glasson, Jr., David I. Funk,* for appellee.