## 47394. LATTEN v. THE STATE.

PANNELL, Judge. The defendant, charged with the possession of marijuana, appeals the judgment of the trial judge overruling the defendant's motion to suppress the evidence, alleging inter alia, that the information gathered as related in the affidavit in support of the search warrant "is old, stale and unreliable and therefore, particularly as to the defendant an insufficient basis for a determination of probable cause."

Read in the light most favorable to the prosecution, the information as to the apartment of the defendant, is that "within the past month, an admitted user of heroin stated . . . that Nance kept his drugs in the apartment of Shirley Latten and obtained them to sell from that place." The affidavit does not set forth the time the informer obtained the information or the time the evidence was in the apartment of the defendant. Absent the time of the occurrence of the facts relied upon, probable cause for issuance of the search warrant is not established. *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447); *Windsor v. State,* 122 Ga. App. 767, 768 (178 SE2d 751); *Gilliam v. State,* 124 Ga. App. 843 (186 SE2d 360). The trial court erred in overruling the defendant's motion to suppress.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 8, 1972—DECIDED SEPTEMBER 20, 1972.

*Alexander & Jarrard, Alan M. Alexander, Jr.,* for appellant.

*Ken Stula, Solicitor,* for appellee.