## 47618.   BUTLER v. THE STATE.

EBERHARDT, Presiding Judge. Defendant appeals from an order denying his motion to suppress evidence and denying his prayers that the State produce an unnamed informant for cross examination. The motion to suppress attacks the following affidavit submitted to obtain a search warrant: "On February 21, 1972, we received information from an informant who has proven reliable in the recent past and has given us information on lottery and gambling that has led to the arrest and conviction of at least two persons for gambling violations that the above-named subject is involved in the taking of bets on athletic contests at the above address. Informant states that he has been present on several different occasions at the above address and has seen Jack Butler in possession of papers bearing bets on ball games and has also made bets with the above-named personally and by telephone. Since receiving this information we have listened on an extension, with informant's permission, while our informant placed a bet with a person identified by informant as the person known to him by the above name. Telephone company records show the phone number called by our informant is listed at the above address in the name of J. F. Butler." *Held:*

1. The basis of the attack upon the warrant and affidavit, as stated in the motion to suppress, is that "this defendant verily believes that the alleged informant referred to in said warrant is totally unreliable, that if he did give to the affiant in said warrant any information, same was false and given with malice toward this defendant." However, in this appeal defendant has abandoned these grounds and attempted to assert the distinctly new ground, not raised below, that nothing appears in the affidavit whereby the magistrate could determine the time of the events relied upon for probable cause and thus determine whether the information was current or stale, citing *Fowler v. State,* 121 Ga. App. 22 (172 SE2d

447), *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751), and *Flournoy v. State,* 123 Ga. App. 658 (182 SE2d 159). Under repeated rulings of this court and the Supreme Court, no reversible error appears where appellant abandons the grounds asserted below and attempts to assert new and distinct grounds in the appellate court for the first time.

Moreover, the grounds as asserted in this court are without merit. The affidavit states that "On February 21, 1972, we received information from an informant . . . that the above-named subject *is* involved in the taking of bets on athletic contests at the above address." (Emphasis supplied). This can only be construed to mean that the defendant, according to the informer, was violating the commercial gambling statute on February 21, 1972, only three days before the officer applied for and obtained the search warrant, and four days before the search and seizure. In the interval between the tipoff and the issuance of the warrant, the attesting officer heard his informant place a bet with defendant. Hence the instant case does not fall within the authority cited by appellant. *Johnston v. State,* 227 Ga. 387, 390 (181 SE2d 42); *Lewis v. State,* 126 Ga. App. 123 (2b) (190 SE2d 123); *Clyatt v. State,* 126 Ga. App. 779, 781 (192 SE2d 417).

2. Defendant contends that since the informant had allegedly placed bets himself with the defendant, the informant was a "decoy" subject to be produced by the State and cross examined by defendant within the rulings made in *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38), *Roddenberry v. State,* 90 Ga. App. 66 (82 SE2d 40), and *Smallwood v. State,* 95 Ga. App. 766 (98 SE2d 602). Webster's Third New International Dictionary (unabr., 1966) defines "decoy" as "3: a person used as a lure; a: one employed esp. by the police to induce a suspected person to commit an offense under circumstances that will lead to his detection." Thus in the cited cases, and the cases upon which they rely, the "decoy" took an active part in the offense by acting as the purchaser in an

illegal sale of liquor, opium, or counterfeit currency, for which transactions the seller was prosecuted, rendering the "decoy" a material witness to the offense charged. Here, however, defendant is not charged simply with making bets with the informer, but with operating a gambling place and with selling chances on the results of 27 different basketball games. The informer here was not used as a lure, did not induce defendant to enter into a transaction which is the sole basis of the prosecution, but merely communicated his knowledge to the authorities and retired. Hence we find no "decoy" situation here requiring disclosure of the informant's identity and his production for cross examination. Cf. *Scull v. State*, 122 Ga. App. 696, 699 (2) (178 SE2d 720).

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED NOVEMBER 8, 1972—DECIDED NOVEMBER 14, 1972.

*Philip T. Keen, Kenneth R. Brown,* for appellant.
*Henson McAuliffe, Solicitor, James L. Webb, Bernard J. Rapkin, Frank A. Bowers,* for appellee.