47680. BELL v. THE STATE.

STOLZ, Judge. The denial of defendant's motion to suppress evidence obtained by the state in an allegedly

illegal search and seizure, brings this case to us on certificate by the trial judge for immediate review.

The affidavit accompanying the search warrant in question states: "On the 31st of March, 1972, a confidential, reliable informer who in the past six months has furnished information to the Houston County Sheriffs Dept., resulting in the arrest of four individuals for narcotics and dangerous drugs violations stated that he personally saw Marijuana and LSD tablets in the above residence. Observation of the above residence at 8:30 p m on the above dated [sic] disclosed several vehicles occupied by hippie type people believed to be dealing in illegal drugs and narcotics visited the residence. There were three vehicles at the residence during the period of observation that stayed the entire time."

The above quoted affidavit was the sole basis for the issuance of the search warrant, the execution of which produced the evidence which the defendant seeks to suppress. Defendant enumerates four grounds for error which we shall treat as one. *Held:*

The general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause, are: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a "casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473); and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale. *Fowler v. State,* 121 Ga. App. 22

(172 SE2d 447); Sgro v. United States, 287 U. S. 206, 210 (53 SC 138, 77 LE 260, 85 ALR 108).

The burden of proof is upon the state to show what facts constituting probable cause existed and were presented to the magistrate *before* the warrant was issued. *Veazey v. State,* 113 Ga. App. 187 (147 SE2d 515); *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666).

The affidavit here falls short of the requirements heretofore stated in that it states no more than the date the informer gave the information to the affiant, but does not state when the informer witnessed the criminal activity referred to in the affidavit so as to show the information was not stale. See: *Fowler v. State,* 121 Ga. App. 22, supra; *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751); *Gilliam v. State,* 124 Ga. App. 843 (186 SE2d 290); *McMiken v. State,* 127 Ga. App. 66 (192 SE2d 716); *Latten v. State,* 127 Ga. App. 75 (192 SE2d 562).

Consequently, the trial court erred in denying the defendant's motion to suppress and the case must be reversed.

*Judgment reversed. Bell, C. J., Hall, P. J., Pannell, Deen, Quillian, Evans and Clark, JJ., concur. Eberhardt, P. J., dissents.*

SUBMITTED JANUARY 9, 1973 — DECIDED MARCH 7, 1973.

*Nunn, Geiger & Rampey, D. L. Rampey, Jr.,* for appellant.

*R. Joneal Lee, District Attorney,* for appellee.

EBERHARDT, Presiding Judge, dissenting. In my view the affidavit for the procurement of a search warrant was sufficient to show the existence of probable cause for its issuance, and there was no error in the denial of the motion to suppress. See *Campbell v. State,* 226 Ga. 883

(178 SE2d 257); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42); *Davis v. State,* 127 Ga. App. 76 (192 SE2d 538).