48065. COVINGTON et al. v. THE STATE.

EBERHARDT, Presiding Judge. The use of the present tense in an affidavit to support a search warrant ("affiant has received information from a reliable informant that subject *is selling* drugs at the house located" etc.), in the light of other recited circumstances, is sufficient to show that the facts recited are current and not stale. *Johnston v. State,* 227 Ga. 387, 390 (181 SE2d 42); *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447); *Lewis v. State,* 126 Ga. App. 123 (2b) (190 SE2d 123); *Butler v. State,* 127 Ga. App. 539 (1) (194 SE2d 261). It appears here that a surveillance had been on defendant's house "during the past week," pursuant to the information received, and that numerous automobiles had been stopping there, and numbers of people were entering and leaving the premises.

The affidavit also asserts that "information from this informant has *in the past month* resulted in four arrests, all on drug charges." There is enough *in the affidavit* to demonstrate that the information is not stale. As was asserted in *Johnston v. State,* 227 Ga. 387, 390, supra (and see *Fowler v. State,* 121 Ga. App. 22, 23, supra), "it was *not necessary that the precise date of the occurrence be given,* but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant. In determining the probability that the defendants still possessed the illicit drugs when the warrant was issued, the judicial officer could consider the facts . . ." (Emphasis supplied.)

And the assertion "that the magistrate is obligated to render a judgment based upon a common-sense reading of the entire affidavit," from United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684) was also cited.

The construction of the affidavit urged in the dissent "is the very sort of hypertechnicality—the 'elaborate specificity once exacted under common law,'—condemned by this court in Ventresca [380 U.S. 102, supra]. A policeman's affidavit 'should not be judged as an entry in an essay contest,' Spinelli, supra [393 U.S. 410], at 438 (Fortas, J., dissenting), but, rather, must be judged by the facts it contains." United States v. Harris, 403 U.S. 573, 579 (91 SC 2075, 29 LE2d 723).

Reliability of the informant is shown in the affidavit by the assertion that he was well known to affiant and to other members of the DeKalb Narcotics Squad, and that within the past month information supplied by the informant had resulted in four arrests, all on drug charges.

Accordingly the contention that the motion to suppress should have been sustained because the information is presumed stale is without merit, assuming arguendo that this question has been properly raised.

*Judgment affirmed. Bell, C. J., Hall, P. J., Deen, Quillian, Evans and Clark, JJ., concur. Pannell and Stolz, JJ., dissent.*
SUBMITTED APRIL 10, 1973 — DECIDED MAY 11, 1973 —
REHEARING DENIED MAY 29, 1973.

*Glenn Zell,* for appellants.
*Richard Bell, District Attorney, George N. Guest,* for appellee.

PANNELL, Judge, dissenting. The affidavit upon which the search warrant in the present case issued was made by an officer who swore in substance; that he has reason to believe that upon person or premises of defendant there is now being concealed—marijuana, and hashish—and that facts tending to establish the foregoing grounds for issuance of search warrant are as follows: "I have received information from an informant whos[e] reliability is known to me and other members of the DeKalb Narcotics Squad, that the Covington subject is selling drugs at the house 2655 Buford Highway and transporting the drugs in a blue Ford Van, Tag No. RF4713. Information from this informant has in the past month resulted in 4 arrests, all on drug charges."

The affidavit then goes on to state that in the past week a stake-out has been on this house and that many people, cars, etc.,

have been stopping at this house; that Covington today has driven the Ford Van to a business establishment and bought triple beam balance scales, that by our experience have been used in weighing and packaging marijuana, and that the truck has made deliveries to the house in paper bags.

A motion to suppress evidence obtained under this warrant having been made, the state showed by evidence of the officer that he had told, but not sworn, to issuing magistrate at time affidavit was presented to magistrate, that the information given him by informant was within a week of the date of affidavit and warrant.

Under *Johnson v. State,* 111 Ga. App. 298, 303 (141 SE2d 574), citing *Smoot v. State,* 160 Ga. 744 (128 SE 909) it is stated: "the determination as to whether there is probable cause . . . must be made by the magistrate from a consideration of the facts *submitted under oath."* This was followed in *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). These cases were decided before the Act of 1966 (Ga. L. 1966, pp. 567, 568; Code Ann. § 27-303) was enacted. That Act and Section commences with the words "upon the written complaint of any officer . . . under oath or affirmation which states facts sufficient to show probable cause," etc., requires, in our opinion, that all facts relied upon must be put in affidavit.

The affidavit in this case does not state the time "tip" was received from the informant. It does state that he, upon giving information, states defendant *is* selling drugs, but with nothing more it is impossible to determine when information was received as to when he was (or is) selling drugs.

Therefore, the test to determine staleness of information—*a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale*—has not been met. *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447); *Latten v. State,* 127 Ga. App. 75 (192 SE2d 562); *McMiken v. State,* 127 Ga. App. 66 (192 SE2d 716); *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894).

The trial court erred in denying the defendant's motion to suppress and the case should be reversed.

I am authorized to state that Judge Stolz joins in this dissent.