## 50408. BUSH et al. v. THE STATE.

Evans, Judge.

Defendants were indicted for the possession of marijuana. Motions to suppress certain evidence allegedly seized by reason of an illegal search and seizure were filed, heard and denied. Defendants appeal. *Held:*

1. The basis for which the motions are made is that the affidavit on which the search warrant issued was insufficient to establish probable cause that dangerous drugs were present on the property covered by the search warrant. The facts tending to establish the grounds for the issuing of the search warrant on February 8, 1974, were as follows: Defendant Williams was involved in an automobile collision on January 22, 1974. The affiant, a deputy sheriff, investigated the collision and found "zig zag papers" on the floor of Williams' automobile "after being aware of the strong odor of marijuana smoke." Defendant Bush was also at the scene of the collision and appeared to be under the influence of drugs. Affiant then determined where defendants Bush and Williams lived and placed the property under surveillance, observing between January 25, 1974, and February 8, 1974, numerous automobiles and persons coming and going from a building on said property. On February 3, Williams was observed meeting unknown persons near a convenience store and making an exchange of money for a package. On February 3, at 2:30 a.m. two minors, age 16 and 13 respectively, were involved in "an accident" investigated by the affiant. These minors were under the influence of drugs and stated they had just previously visited the residence of Williams. "Marijuana seeds" were found under the seat of this automobile. All of the above facts occurred between January 27, 1974, and February 3, 1974. They establish only a strong suspicion in the mind of the affiant that Williams and Bush could be involved in drug activity. The affidavit was not sworn to until February 8, five days later. The affidavit is totally lacking in sufficient evidence to establish probable cause that the affiant had reason to believe there were drugs present inasmuch as it is totally devoid of any knowledge that any drugs of any kind were located on the premises. *Maxwell v.*

*State,* 127 Ga. App. 168 (193 SE2d 14); *Windsor v. State,* 122 Ga. App. 767 (178 SE2d 751); *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447). See also *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786) and *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666). There was simply no reliable information as to drugs being present, and the affiant's knowledge did not show any drugs to be present.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 26, 1975 — DECIDED APRIL 7, 1975.

*Bennett & Dantzler, Deryl D. Dantzler, David E. Henderson,* for appellants.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.