## 50967. COCHRAN v. THE STATE.

Stolz, Judge.

The defendant, having been indicted for violation of the Georgia Controlled Substances Act, appeals from the denial of her pre-trial motion to suppress certain evidence (amphetamine tablets) alleged to have been seized under an invalid warrant.

1. The place to be searched was described in the affidavit as "The residence of Joyce Brady Cochran, located in a mobile home situated in a mobile home park on Mineral Springs Road, one mile west of Jasper, Pickens County, Georgia, known as Mineral Springs Trailer Park," and in the warrant as "Residence of Joyce Brady Cochran, being a mobile home situated in a mobile home park on Mineral Springs Road, one mile west of Jasper known as Mineral Springs Trailer Park." This was a sufficient specificity of the premises to meet the

requirement of the constitutional provision. Code Ann. § 2-116. See *Steele v. State,* 118 Ga. App. 433 (3b) (164 SE2d 255). Cf. *Garner v. State,* 124 Ga. App. 33 (182 SE2d 902) and cits.

2. With regard to the showing of the reliability of the informer, the affidavit states: "Information received from reliable sources that sales of contraband of the nature described above are being made. Observation by law enforcement officers over a period of time tend to substantiate said information." The magistrate testified on the motion-to-suppress hearing that the affiant-sheriff had told him upon application for the warrant that the informants "had given him information in the past that proved to be reliable." This was a sufficient showing of reliability. *Tomblin v. State,* 128 Ga. App. 823 (1) (198 SE2d 366) and cits. Although the observation by law enforcement officers was merely substantiation of the informants' information, it was nevertheless a partial basis for the warrant, and the reliability of such officers is presumed as a matter of law. *McNeal v. State,* 133 Ga. App. 225 (2) (211 SE2d 173) and cits. Even if this amounted to "merely the assertion of police suspicion, . . . [i]t adds weight to the tip so that a magistrate, looking at the whole of the evidence, can find probable cause." *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473).

3. "[T]he affidavit and oral sworn testimony given to the magistrate who issued the search warrant failed to satisfy the basic requirement of probable cause in that there was no information from which the magistrate could have determined how or when the informer[s] obtained the information given the affiant." *Morrow v. State,* 128 Ga. App. 461, 462 (196 SE2d 901) and cits. This court, in *Covington v. State,* 129 Ga. App. 150 (199 SE2d 348), held that "[t]he use of the present tense in an affidavit to support a search warrant . . ., in the light of other recited circumstances, is sufficient to show that the facts recited are current and not stale." Although the affidavit here recites that it is based on "information received from reliable sources that sales of contraband of the nature de-scribed above *are being made,*" (emphasis supplied) the only "other recited circumstances" are the substantiation by observation of law enforcement officers, and there is no

indication of the current status of such observations. Furthermore, the present-tense allegation of the affidavit is contradicted by the testimony of both the affiant and the magistrate at the hearing to the effect that, although the affiant told the magistrate that the several informants had *called* him within the previous week (one within three days; at least one other on that same day), he did not tell him how or when the informants *obtained* the information.

4. One of the "general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause," is "that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) and cits. As we have held in Division 3 hereinabove, there was no showing to the magistrate of how the informers obtained their information. The tips described the alleged criminal activity merely as "selling drugs," whereas the affidavit alleged the concealment of "an unknown quantity of beer, whiskey, illegal drugs or marijuana which are being possessed and/or sold in violation of Code § 79A-803 as to the drugs and marijuana and the section having to do with sale of alcoholic beverages without a license." The magistrate admitted that the inclusion of beer and whiskey in the description of the property to be seized was based solely upon a suspicion of the probability of their presence. The affiant-sheriff testified that he didn't tell the magistrate that he had ever stopped any cars coming out of the defendant's residence, but that he had seen a lot of traffic coming away from "the place," had stopped some of them, had smelled no alcohol on the occupants, but that they "appeared" to be "drugged up good" and "staggery."

In *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647), this court stated: "'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of everyday life on which reasonable and

prudent men, not legal technicians, act.' Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). There is also a great 'difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' Draper v. United States, 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C. A. 2d Cir.): 'It is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' " Although the articles specified in the affidavit and the warrant were not particularly described by the tips, the magistrate was justified in including them upon a consideration of all of the evidence before him, which indicated possession and sales of some type or types of substances producing "drugged" and "staggery" behavior, whether alcohol or drugs. Furthermore, the articles named could have been seized even without being specifically described in the warrant. Code Ann. § 27-303 (e) (Ga. L. 1966, pp. 567, 568); *Scott v. State*, 122 Ga. App. 204 (1) (176 SE2d 481). The warrant and the search thereunder were thus not objectionable as being "general." See *Strauss v. Stynchcombe*, 224 Ga. 859 (2) (165 SE2d 302) and cits.

The trial judge erred in his judgment overruling the motion to suppress the evidence for the reason stated in Division 3 hereinabove.

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 9, 1975.

*Blanton, Fudge & Blanton, Cecil T. Blanton,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.