53937. THE STATE v. McDONALD et al.

DEEN, Presiding Judge.

Leaving out various irrelevant details, the affidavit on which this search warrant was based shows only that officers saw three men leave room 428 in a named motel, followed and stopped them, searched all three after ascertaining that one was wanted on a city bench warrant, and that one of these three (whether the "wanted" individual or another) then said he had purchased a small amount of drugs found during the search from Joe McDonald in room 428 of the motel. The only corroborative evidence offered was that Joe McDonald did in fact live in room 428. The motion to suppress was sustained and the state appeals. *Held:*

1. The trial court properly sustained the motion to suppress because the affidavit failed to state any current information that contraband was present in the place to be searched. There is no information as to when the drug found by the officers on the person of either the informer or his companion had been purchased. Nor are any facts stated which suggest that after the sale there remained any to be found on the premises. "Absent any statement in the affidavit as to the time of the occurrence in question, the magistrate could not make an independent determination as to whether probable cause still existed for the issuance of the search warrant." *Fowler v. State,* 121 Ga. App. 22, 24 (172 SE2d 447).

2. The grant of the motion to suppress is also sustainable because the affidavit was defective in failing to allege that the informer was reliable, failing to state any facts from which his reliability could be deduced, and failing to offer any other evidence which could lead the

magistrate to conclude that the informer had purchased drugs from the defendant. The only aliunde information is that the informer had drugs on his person and that he had been at the defendant's address. The reasoning goes: "He said he bought it from the defendant. He has just left the defendant's motel room. Therefore he is telling the truth." This post hoc propter hoc argument is not supported by *Johnston v. State,* 227 Ga. 387 (181 SE2d 42) as contended. There a long set of corroborative circumstances is set out. Here only a physical possibility that the facts stated are true exists.

Under Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), where the affidavit relies upon statements furnished by an informer, facts must be stated sufficient to raise an inference that the informer's credibility may be relied upon, or the affiant must state other facts supporting the conclusion that probable cause for the search in fact exists. See *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). The "two pronged test" involves both an evaluation of the truthfulness of the source of the information and an evaluation of the factual premises furnished to support the conclusion of probable cause.

The informer here not being a reliable source, his statements must be shored up by testimony of the affiant whose oath is his badge of credibility. Code § 27-303. But the affiant knows nothing about the source of the informer's drugs; he knows only that the informer has in fact been on the defendant's premises, but of what passed there he is entirely ignorant.

The affidavit is thus subject to the same defect as was present in Spinelli v. United States, 393 U. S. 410. There, although the affiant alleged that the informer was reliable (a statement conspicuously absent here) he failed to state facts sufficient to support a belief on the part of the magistrate that the statement was true. "This is not to say that the tip was so insubstantial that it could not properly have counted in the magistrate's determination. Rather, it needed some further support. When we look to the other parts of the application, however, we find nothing alleged which would permit the suspicions engendered by the informant's report to ripen into a judgment that a crime was probably being committed. . . But just as a simple

assertion of police suspicion is not itself a sufficient basis for a magistrate's finding of probable cause, we do not believe it may be used to give additional weight to allegations that would otherwise be insufficient." Id., p. 418. In Spinelli the extraneous facts which sought to shore up the credibility of the informant and the reliability of his information are that the FBI "knew" Spinelli to be a gambler, that they had had him under surveillance for several days, and they knew from this latter fact that Spinelli was at the places where the informant said he was at the times indicated, and that he did have two unlisted telephones there under another name, as the informant had stated. In Spinelli as here the extraneous verification, while sufficient to arouse suspicion, is not per se incriminating, and this is all the more true in the present case where there is no statement by anybody that a drug transaction took place on the day the informer was seized. It follows, therefore, that no information was ever offered to the magistrate either that the informer was reliable or that his statements could be substantiated by other facts within the affiant's knowledge. Suppression of the evidence found on execution of the search warrant is therefore affirmed.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 5, 1977 — DECIDED MAY 20, 1977.

*William H. Ison, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellant.
*King & Dotson, Larry King,* for appellee.