## 65921. WALLACE v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for burglary and theft by receiving stolen property. *Held:*

1. The defendant's first contention is that certain items of evidence seized from his home pursuant to a search warrant were returned to the alleged victims by police officers "without first complying with Georgia Code Sections §§ 17-5-20 and 17-5-29." OCGA § 17-5-20 (Code Ann. § 27-314) deals with the requirement for the issuance of search warrants generally and does not deal in any way with the disposition of the seized property. OCGA § 17-5-29 (Code Ann. § 27-310) merely requires a written return of the items seized. Assuming *arguendo* that a return was not made in this case, the failure does not affect the validity of the search. *Lewis v. State,* 126 Ga. App. 123 (2) (190 SE2d 123) (1972). In any event, the defendant did not raise this issue in the trial court by filing a motion to suppress the evidence.

2. A police officer testified that the state's principal witness was arrested in connection with a burglary unrelated to any of those charged against the defendant. Over the defendant's objection that this testimony brought in unrelated criminal transactions, the trial court allowed the testimony and instructed the jury of its limited relevance. Since the burglary for which the witness had been arrested did not involve the defendant, we find no error.

3. Finally, the defendant argues that his conviction cannot stand because it was based in large measure upon the testimony of a

witness who was an admitted drug user with a personal bias against him. These matters were explored by the defense on cross-examination and were submitted to the jury for their consideration. Our review of the evidence persuades us that it was amply sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See generally *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 16, 1983.

*Alton T. Milam,* for appellant.

*Thomas J. Charron, District Attorney, James G. Bodiford, Assistant District Attorney,* for appellee.