## 27432. YOUNG v. CALDWELL.

MOBLEY, Chief Justice. The appellant, a prisoner serving a life sentence and a 20-year sentence, running concurrently, both for armed robbery, filed his petition for writ of habeas corpus in Tattnall Superior Court, alleging that he is being illegally detained. The habeas corpus judge, after hearing, remanded him to the custody of the warden. The appeal is from that judgment.

1. The appellant stated in his first enumerated error that he did not raise the issue that he was denied effective assistance of counsel, and he does not wish to have the court raise it further.

2. The appellant attacks his sentences on the ground that illegally obtained evidence was used against him, to wit: a Bulova watch, a .38 caliber pistol, and a pair of yellow

pants. It appears that police officers of the Savannah Police Department obtained a search warrant for premises occupied by the appellant, listing a .22 caliber pistol, a pair of yellow pants, a billfold, and certain other items as articles to be seized. The appellant contends that objects not included in the search warrant were taken and admitted in evidence. This court in *Young v. State,* 225 Ga. 255 (167 SE2d 586), where the conviction of the appellant was affirmed, held that the pistol, the pair of yellow trousers, and the Bulova watch were sufficiently identified to authorize their introduction in evidence. That ruling settled that issue.

However, the petition for habeas corpus attacks the constitutionality of the admission of the evidence, which required the trial judge to pass on this question. The court found that all of the items seized at the time of the execution of the search warrant were properly seized by the officers and no unlawful search or seizure was made, and accordingly held that none of the appellant's constitutional rights were denied him. The holding of the court was correct, and the second enumerated error is without merit.

3. The third enumerated error alleges that the trial court erred in finding that the search warrant was properly issued upon a showing of probable cause. The evidence before the habeas corpus judge was that the Judge of the Recorder's Court of Savannah issued the search warrant, which was requested by police officers of Savannah. The officers had obtained a description of the robber from the victim, and the appellant, who was seen by officers in the neighborhood of his residence, met the description of the robber; and an informer and an officer had seen the appellant in the vicinity of the robbery prior to the robbery. This evidence was sufficient to show probable cause for the issuance of the warrant as required by *Code Ann.* § 27-303 (Ga. L. 1966, pp. 567, 568). See *Campbell v. State,* 226 Ga. 883 (1) (178 SE2d 257).

4. The fourth enumerated error alleges that the court erred

in its finding that: "The .38 caliber pistol was probably close enough to the .22 caliber pistol, apparently described in the search warrant, to be lawfully seized."

The court held further that: "At any rate the pistol was identified by the victims of the crimes as being the weapon used and by the ballistics expert as being the weapon used in one of the crimes and thus would have been subject to seizure even though it was not properly listed in the search warrant."

The requirement of the Fourth Amendment to particularly describe the article to be seized does not intend the exclusion of a pistol or evidence because the victim assaulted could not tell the exact caliber of the pistol. Some witnesses thought the pistol was a .22 or .32 caliber, and each saw that it was "silvery" in color. The court's finding that the description in the warrant was sufficiently close to justify its seizure is supported by the evidence. This enumerated error is without merit.

5. The fifth enumerated error, alleging that the court erred in finding that none of the appellant's constitutional rights were denied him, is without merit. The court ruled on the constitutional questions raised, none of which was meritorious. There was no error in remanding the appellant to the respondent.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 23, 1972.

Harold M. Young, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.