### 49181. BAKER v. THE STATE.

QUILLIAN, Judge.

1. The appellant was arrested on February 18, 1971, for a misdemeanor of a high and aggravated nature, promoting a lottery. On that same date a search warrant was issued and executed. A search of the appellant's residence revealed certain evidence which was used in the case. A motion to suppress was filed which contended the warrant was not valid because "the facts asserted by the reliable informant, forming the basis for the issuance of the warrant, was not so closely related to the time of said issuance as to justify a finding of probable cause at that particular time, and therefore, the aforesaid items should be suppressed." The warrant stated in part: "On February 11, 1971, we received information from an informant who has given us information on lottery in the recent past that has led to the arrest and conviction of 3 persons for lottery violations that the above named subject is operating a lottery at the above address. Informant states that he has played the lottery with Martha several times during the past three weeks at this address and has also seen other persons give her money and numbers for the purpose of playing the lottery with her. Informant further stated that Martha usually phones the lottery, she has written during the day, to a person unknown to informant. Since receiving this information we have watched the above location with our informant and he has pointed out persons going to the address he says he has seen play the lottery with Martha. The last date we watched the above was February 17, 1971." The appellant's contention is without merit. The information stated in the warrant was not stale. *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447).

2. The evidence was sufficient to support a finding that the appellant participated in the operation of a lottery. *Armor v. State,* 70 Ga. App. 13 (27 SE2d 107).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED APRIL 1, 1974 — DECIDED APRIL 22, 1974.

*Arrington & Rubin, S. Richard Rubin, Marvin S. Arrington,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.