### 49167. THE STATE v. BOSWELL et al.

CLARK, Judge.

This is an appeal by the state from an interim order sustaining motions to suppress filed by two defendants who were separately indicted for theft by taking watches and clocks from their employer, Westclox Division of General Time Corporation. Such appeal by the prosecution without an immediate review certificate is now permitted under the provisions of Ga. L. 1973, pp. 297, 298. With one counsel representing both defendants and with their motions to suppress being identical the parties stipulated that the separate motions would be decided on the same record and the same evidence at one hearing.

As a result of thefts of an estimated $125,000 worth of merchandise from the General Time Corporation plant in Athens, the assistance of the State Division of Investigation was requested on August 17, 1972. The agents learned from the company's employees that the firm had used remote video tape equipment with a camera in the shipping department and with monitoring and recording devices in the main office. The tape contained a visual recording of two individuals who had made separate unauthorized entries on the nights of August 15 and August 16. From a rerun of the video recording the two individuals who had made independent entries and removed boxes from the shipping department on those occasions were positively identified by company employees as Jerry Boswell and George Bolton. Both of these men worked on the third shift in the plastics department which was adjacent to the shipping department. Neither was authorized to enter the shipping department at any time.

The agents then continued a surveillance in the plant for six successive nights beginning August 17, 1972. During that time no one entered the shipping department.

Based upon the information learned from their investigation at the plant and upon viewing the video tapes the agents decided to search the Boswell residence and the Bolton residence. Accordingly, on August 31, 1972, the agents executed separate affidavits and obtained separate search warrants. The search of the Boswell home at 3:20 p.m. approximately one hour after issuance of the warrant disclosed nine Westclox time pieces, they being five desk type clocks and four pocket watches. The search at the Bolton residence that same night resulted in seizure of 343 timepieces, all with the brand name "Westclox" written on them.

The motion to suppress contained eleven grounds which may be summarized as a failure to show probable cause for issuance of the search warrants as well as alleged technical irregularities in the search warrants themselves and claimed irregularities in searches.

Following a lengthy hearing the trial judge made his detailed findings of fact and conclusions of law. He properly limited his order to the language of each affidavit because there was no evidence presented as to any additional oral testimony having been heard by either magistrate. His ruling was adverse to the defendants in all respects excepting as to the matter of probable cause. On this point the court's ruling stated: "The court finds that while there was probable cause for the magistrate to find in each case that a crime had been committed and that the defendant in each case was a person concerned in the commission of the crime, there was insufficient evidence in each case submitted to the magistrate to enable the magistrate to determine that there was probable cause for belief that the fruits of the crime were on the person of the defendant or at his residence at the time the warrants issued on August 31, 1973, the thefts having occurred on the nights of August 15-16, 1973." (R. 35, 36). (References to the year 1973 are typograpical errors as the alleged offenses as well as the warrants occurred in the previous year, 1972.) This

appeal is by the state from that ruling.

1. Would the passage of 15 days invalidate the search warrant?

In 100 ALR2d beginning at page 525 there is an annotation containing a collection of cases dealing with lapse of time. The cases show a variation ranging from four days to two months. The citations indicate that one week or less is generally upheld as being within the reasonableness required to meet the "probable cause" standard. There are some cases, however, in which a week has been ruled as vitiating the proceedings because of the factual situation. The cases are unanimous in holding intervals of two months or more between the act and the affidavit to be impermissible. In ranges from eight days to three weeks the rulings vary depending upon the particular situation involved. The annotator concludes that: "About all that may be stated by way of a general rule is that the courts will require that no more than a 'reasonable' time have elasped, the nearer the time at which the facts occurred is to the time when the affidavit was made, the more probable it being that the affidavit will be held to justify a conclusion of probable cause." p. 534.

No Georgia citations are cited in the ALR article, but we have ruled on this timeliness question in several cases. *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447) was the first of these, this court holding that a date must be stated in the affidavit so as to enable the magistrate to determine, as required by Sgro v. United States, 287 U. S. 206 (53 SC 138, 77 LE 260, 85 ALR 108) that "probable cause relates to current and not stale information." *Tomblin v. State,* 128 Ga. App. 823 (198 SE2d 366) held in the instance of narcotics that 36 hours would not negate timeliness. The special concurring opinion in *McMahan v. State,* 125 Ga. App. 491, 493 (188 SE2d 183) pointed out that "nineteen days is too long a lapse of time for a reasonable belief that the same conditions continue to prevail." There an amount of untaxed beer was the alleged contraband and the special concurrence presented the question whether surveillance had been conducted during the intervening period. In *Baker v. State,* 131 Ga. App. 650, we held that where a lottery

investigation was being held with subsequent surveillance of activities at the location, the passage of one week from the date of receiving the original information did not create staleness. Similarly, *Clyatt v. State,* 126 Ga. App. 779 (192 SE2d 417) upheld a one week period as to illegal drugs.

Considering the criteria which the United States Supreme Court has proposed for determining "probable cause" it is clear that no iron-clad time rule should be established. It is a determination based on probabilities and ". . . practical considerations . . . on which reasonable and prudent men, not legal technicians, act. . ." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U. S. 89, 96 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U. S. 300, 311 (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U. S. 102, 108 (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U. S. 257, 270-271 (1960)." Spinelli v. United States, 393 U. S. 410, 419 (89 SC 584, 21 LE2d 637). Probable cause may rest upon evidence which is not legally competent in a criminal trial. Draper v. United States, 358 U. S. 307, 311 (79 SC 329, 3 LE2d 327). Applying these principles, with their emphasis upon common sense and practical considerations, a different time span should be applied to a case involving a series of thefts by employees of consumer items such as clocks than to a one-time offense. Thus, the investigators here were being sensible and practical in continuing their television monitoring of the plant to determine if there were still other employees involved. Consideration undoubtedly was also given to apprehension of individuals serving as fences or receivers of stolen goods.

In *Tomblin v. State,* 128 Ga. App. 823 (3) supra, our court said "The determination of what time lapse is

permissible depends on several factors, including the nature of the crime." Among these factors are quantity, size, bulkiness, transportability, whether disposable by sale on the open market or through fences or clandestinely, and the nature of the product.

When one applies the foregoing suggestions and considerations to the facts of the case sub judice we hold that the lapse of two weeks under the facts in the instant case would not vitiate the warrant.

2. Were the facts here sufficient to find probable cause that the fruits of the crime were on the person of each of the accused or in his respective residence?

"As pointed out in Brinegar v. United States, 338 U. S. 160, 176 (69 SC 1302, 93 LE 1879) the showing of probable cause necessary in the affidavit upon which a search warrant may be based must tread the path between placing the law-abiding citizen at the whim or caprice of police officers on the one hand and unnecessarily hampering law enforcement activities on the other." *Johnston v. State,* 121 Ga. App. 477 (1) (174 SE2d 246). While recognizing the established doctrine "That a man's home is his castle" we nevertheless must apply the principles of common sense and practicality mentioned in the previous division of this opinion. In doing so we find the affidavit satisfied all legal requirements. It was sufficient to establish that each defendant had taken cartons containing large quantities of watches from his employer. The reasonable inference was that some of the items would still remain under the control and dominion of each accused. The likelihood of the individuals having these items at his residence was sufficient to meet the "probable cause" requirement. See *Summerville v. State,* 226 Ga. 854 (178 SE2d 162); *Pass v. State,* 227 Ga. 730 (182 SE2d 779) and *Young v. Caldwell,* 229 Ga. 653 (193 SE2d 854) where residence searches were upheld.

3. As the trial court's ruling is reversed it is unnecessary to pass upon the remaining enumerations of error.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED MARCH 4, 1974 — DECIDED APRIL 23, 1974.

*Harry N. Gordon, District Attorney, E. Bruce Mather,* for appellant.