## 54288. BACHELOR v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals after our grant of his application for interlocutory appeal from a judgment overruling his motion to suppress. *Held:*

Although we considered this appeal in order to determine the applicability of Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444), we find upon examination another issue dispositive of the case.

The affidavit given in support of the search warrant reads—"And the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: Officers received information from an informer whose information in the past has resulted in convictions, that Claude William Bachelor did have in his possession non-tax-paid whiskey and dangerous drugs. This information was received in the last 3 days from this 7th day of January 1977. Informer has no arrest record and has been a law abiding citizen in the past." The trial judge recognized the failure to meet the requirement of showing the information was not stale (*Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447)) but held this deficiency was

supplied by sworn testimony given to the issuing magistrate.

We disagree. Giving the evidence a construction favoring the judgment rendered it utterly fails to show the time of the occurrence was communicated to the magistrate.

It should be noted that the affiant stated his informer told him that the informer got his information in the last 3 days and the affiant told the justice of the peace that he got his information from the informer in the last 3 days. But nowhere was there testimony as to the time of the occurrence being related to the issuing magistrate.

The state relies on the following testimony by the affiant: "Q. Did you swear to Judge McCurley that your informant saw the crime, alleged crime being committed within the last three days? A. I swore in the affidavit to the Judge, yes sir, for the search warrant." This can only be an affirmance of the information in the affidavit, not a positive and unequivocal affirmative response that the vital information as to timeliness was testified to before the justice of the peace. Moreover, the affiant also testified in response to the question: "Q. Did your informant tell you anything else that you swore to, to the judge? A. That I swore to? All I swore to is what is on there."

We therefore find no evidence that the justice of the peace had before him sworn testimony as to whether the information related to a current event or was stale. *Lowery v. State*, 135 Ga. App. 423 (218 SE2d 132). The trial judge erred in denying the motion to suppress.

*Judgment reversed. Shulman and Banke, JJ., concur.*

Submitted September 14, 1977 — Decided October 7, 1977.

*Floyd W. Keeble, Jr.,* for appellant.

*J. Cleve Miller, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.