## 66306. LUCK et al. v. THE STATE.

BANKE, Judge.

Appellants were convicted of multiple violations of the Georgia Controlled Substances Act. On appeal, they attack the sufficiency of the affidavit upon which a warrant for the search of their residence was issued.

In the affidavit, given on July 17, 1982, the arresting officer averred that on July 16, 1982, two individuals who had been arrested for possession of a large quantity of marijuana and LSD disclosed to police that they had purchased the contraband from the appellants in Forsyth County and had done likewise on four previous occasions. The officer further averred that appellant James Luck had one prior arrest for possession and sale of marijuana and that on numerous occasions other citizens had complained of the appellants' drug activities.

Appellants attack only the time element of the affidavit, contending that it failed to provide specific facts from which it could be determined that there was a present likelihood of contraband being on the target premises. In this regard, an affidavit is sufficient if it affirmatively shows that the information is not stale. *Keller v. State,* 162 Ga. App. 100 (290 SE2d 204) (1982); *Bachelor v. State,* 143 Ga. App. 442 (238 SE2d 579) (1977). "[I]t is not necessary that 'the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant.' *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447)." *Lewis v. State,* 126 Ga. App. 123, 127-128 (190 SE2d 123) (1972); See also *Jackson v. State,* 130 Ga. App. 6 (202 SE2d 206) (1973).

Although the affidavit here was given within 24 hours of the arrest of the two informants and indicates that the informants had purchased contraband on the target premises on several occasions, it fails to specify when the most recent purchase occurred or otherwise to provide a time frame which would indicate that the information was not stale. The trial court concluded that the information in the affidavit carried with it a clear implication that the informants' drug purchase on the appellants' premises had been recent, but such an implication or inference is no substitute for an affirmative showing of a definite time period. Accordingly, the affidavit was insufficient to support the search warrant.

The United States Supreme Court's recent decision of Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983), does not

require a different result. In Gates, the Supreme Court abandoned the two-pronged test of evaluating the sufficiency of search warrant affidavits, developed from Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), which required a showing of the informer's veracity and the basis of his knowledge, and adopted a "totality of the circumstances" approach. Neither Gates nor Aguilar and Spinelli, however, involved the additional requirement imposed by the Georgia courts of affirmatively showing that the information is not stale.

As the affidavit at issue in this case contains no information whatsoever from which the time of the informants' purchase of the contraband may be determined, there was no basis for any reasonable belief that contraband could presently be found at the target premises, and the trial court erred in denying the motion to suppress.

*Judgment reversed. Shulman, C. J., Quillian, P. J., and Birdsong, J., concur. Carley, J., concurs specially. Deen, P. J., McMurray, P. J., Sognier and Pope, JJ., dissent.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED OCTOBER 18, 1983 —

*Jane Kent-Plaginos,* for appellants.
*Rafe Banks III, District Attorney,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority and all that is said therein. I write separately to particularly endorse the portion of the majority opinion which declares that the very recent Supreme Court decision of Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983) "does not require a different result." I believe that a discussion of Gates is crucial in this case because the dissent relies so heavily thereon. The reason that the majority has reached the correct result in this case is that it clearly appears that Georgia has adopted an additional, separate and independent requirement of an affirmative showing that the information of the informant is not stale. While it may be argued, in view of the more lenient approach of the United States Supreme Court as indicated by Gates, that logic dictates that the "non-stale" requirement be subsumed along with the informer's veracity and basis of knowledge into a "totality of circumstances" approach, such a change would require overruling or substantial modification of numerous Georgia cases establishing an independent state requirement in connection with the issuance of a search warrant. As recognized in its most recent pronouncement on

the subject, the Supreme Court of the United States "permit[s] a state court, even if it agrees with the State as a matter of federal law, to rest its decision on an adequate and independent state ground." Illinois v. Gates, supra, page 6 of slip opinion.

DEEN, Presiding Judge, dissenting.

The facts provide reasonable inferences in this case that the latest drug purchase was a part of a recent continuing series of purchase, arrest, confession, and the midnight ride to Forsyth County to pinpoint the exact location of the drug purchase. All these events were seemingly closely tied together as to point in time. Added to this designation of the out of county location of the residence where the purchase was made is the fact that contraband had been purchased on *this occasion* as well as four *previous occasions.* The use of the former "this" occasion indicates present tense and the latter "previous" indicates past tense. Compare *Danford v. State,* 133 Ga. App. 890 (212 SE2d 501) (1975), where "is now" was held as indicating the present tense, and the information was held not to be stale. A common sense evaluation would suggest that "this" occasion indicates a recent or present tense.

"A policeman's affidavit should not be judged as an entry in an essay contest" but it is "entitled to common-sense evaluation." Spinelli v. United States, 393 U. S. 410, 438-439 (489 SC 584, 21 LE2d 637) (1969). While the latter quote is from a dissent in the above case it appears to be within the main stream of modern practical interpretations of substantial compliance.

The evolution of rigid highly technical requirements of specificity under Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), and Spinelli v. United States, 393 U. S. 410, supra, have been abandoned in favor of the more practical, common-sense decision of whether, given all the circumstances set forth in the affidavit before him in its totality there is a fair probability that the contraband or evidence of a crime will be found in a particular place. See Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527); and compare *Shaner v. State,* 153 Ga. App. 694 (266 SE2d 338) (1980). That the information is not stale may likewise be decided on the com-mon-sense totality of circumstances approach. Georgia courts do not or should not require more over-technical higher requirements of specificity in procuring criminal warrants for law enforcement than the maximum mandated by the U. S. Supreme Court.

The relaxed more liberal test has already been observed by this court for some time. "The court proceeded to point out that *it was not necessary that the precise date of the occurrence be given* but it should appear from the facts that the occurrence should be so near in

point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447) (1970). (Emphasis supplied.) Judge Clark, in *State v. Babb,* 134 Ga. App. 302, 303 (214 SE2d 397) (1975), quoting in part from United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684), said in part: "Affidavits . . . must be tested and interpreted by magistrates and courts in a *common sense* and realistic fashion." (Emphasis supplied.) *Crumley v. State,* 135 Ga. App. 394, 398 (217 SE2d 464) (1975) relied on the same test as in *Babb,* supra. The writer in *Simpson v. State,* 159 Ga. App. 235, 236 (283 SE2d 91) (1981) relied upon approximately the same rule: "In the final analysis 'it is the magistrate who must determine whether the *total* amounts to probable cause.' *Dugan v. State,* 130 Ga. App. 527, 530 (203 SE2d 722) (1974)." (Emphasis supplied.) In *Simpson,* supra at 238, Judges Carley and Banke, concurring specially, observed: "Nevertheless, I believe that the magistrate in this case had sufficient information to determine the existence of probable cause from the four corners of the affidavit itself. Even Spinelli recognized that 'the magistrate is obligated to render a judgment based upon a *common-sense* reading of the entire affidavit.' Spinelli v. United States, supra, 415." (Emphasis supplied.)

I would affirm the convictions as to the multiple marijuana and LSD violations.

I am authorized to state that Presiding Judge McMurray, Judge Sognier and Judge Pope join in this dissent.