## 40530. THE STATE v. LUCK et al.

WELTNER, Justice.

Certiorari was granted to determine whether the "totality of the circumstances" analysis of Illinois v. Gates, —— U. S. —— (103 SC 2317, 76 LE2d 527) (1983), should be employed in resolving the question of whether information furnished in an affidavit submitted in support of a request for a search warrant is "stale."

The trial court overruled the motion to suppress, concluding that the clear implication of the factual recitations of the affidavit was that the informants' last drug purchase at the identified premises was quite recent. The Court of Appeals reversed, holding that such an inference can be "no substitute for an affirmative showing of a definite time period." *Luck v. State,* 168 Ga. App. 464 (309 SE2d 621) (1983).

Of importance to the issue is the recital in the affidavit that the informants identified to the officers the residence of defendant Luck as the place where four previous purchases of marijuana and LSD were made.

Time is assuredly an element of the concept of probable cause. *Johnston v. State,* 227 Ga. 387, 390 (181 SE2d 42) (1971). However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. 227 Ga. at 390.

When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. *Tabb v. State,* 250 Ga. 317, 323 (297 SE2d 227) (1982).

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 103 SC at 2332, quoted with approval in *State v. Stephens,* 252 Ga. 181 (311 SE2d 823) (1984) (ellipses and brackets in text).

The totality of the circumstances — including the circumstance that the informants had completed several drug sales at the residence over a period of time — indicated the existence of reasonable probability that the conditions referred to in the affidavit would continue to pertain at the time of issuance of the search warrant.

We reiterate here the caveat we raised in *Stephens,* supra, relative to the importance of the submission, by affidavit, to the issuing magistrate of the maximum quantum of reliable information within the knowledge of the affiant, and the demonstration of the reliability thereof — including indicia of timeliness.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED MARCH 28, 1984.

*Rafe Banks III, District Attorney,* for appellant.
*Jane Kent Plaginos,* for appellees.
*Joseph L. Chambers, Elliott A. Shoenthal,* amicus curiae.

SMITH, Justice, dissenting.

The affidavit presented to the magistrate in support of issuance of this search warrant was dated July 17, 1982, and recited the following facts as true: "On 7/16/82 DeKalb Co. narcoitics [sic] officers arrested 2 individuals who wish to remain anonymous and will hereafter be refered [sic] to as CI, for pocession [sic] of a large quantity of marijuaun [sic] and LSD. After being advised of their rights, CI agreed [sic] to make voluntary statements as to the purchase of their contraband. On 7/17/82 at appx. 12:45 AM, CI traveled to the residence of James M. Luck at the afore mentioned [sic] address and pointed this location out as the residence from which their contraband had been purchased by them not only on this

occasion but on 4 previous occsaaions [sic] as well. CI also described James Luck as the individual from whom the perchase [sic] has been made. The identification of the Luck residence was made in the presence of both DeKalb and Forsyth Co. investigators. Independent investigation reveal [sic] that James Luck does in fact reside at the residence pointed out by CI in Forsyth Co. Arrest records at FCSO reveal James Luck has been arrested on 1 occassion [sic] for the pocession [sic] and sale of marijuana. Affiant further states he has received information from concerned citizens on numerous occassions [sic] in the past concerning his drug activities and on 1 occassion [sic] has personally attempted a marijuana purchase."

Based on this information, a warrant was issued, Luck's home was searched, and illegal drugs were found. Prior to trial Luck filed a motion to suppress the seized evidence, challenging the timeliness of the information recited in the supporting affidavit. The motion was denied, and Luck and his codefendants were subsequently convicted and sentenced.

A divided Court of Appeals, sitting en banc, reversed. *Luck v. State,* 168 Ga. App. 464 (309 SE2d 621) (1983). Citing *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447) (1970), the court held that the information relied on by the issuing magistrate was stale because the affidavit contained no "affirmative showing" of the time when the alleged illegal acts occurred. Judge Banke, writing for the majority, addressed the recent Supreme Court case of Illinois v. Gates, ―― U. S. ―― (103 SC 2317, 76 LE2d 527) (1983), and found it to be inapplicable because of "the additional requirement imposed by the Georgia courts of affirmatively showing that the information is not stale." 168 Ga. App. at 465. In his special concurrence, Judge Carley made this crucial point even more emphatically: "[I]t clearly appears that Georgia has adopted an additional, separate and independent requirement of an affirmative showing that the information of the informant is not stale. While it may be argued, in view of the more lenient approach of the United States Supreme Court as indicated by Gates, that logic dictates that the 'non-stale' requirement be subsumed along with informer's veracity and basis of knowledge into a 'totality of circumstances' approach, such a change would require overruling or substantial modification of numerous Georgia cases establishing an independent state requirement in connection with the issuance of a search warrant . . ." 168 Ga. App. at 465.

Against this background, this court granted certiorari and today reverses the Court of Appeals. Today's majority opinion conveniently ignores the many cases holding that Georgia has an independent timeliness requirement for the issuance of warrants based on hearsay affidavits (the very cases which so divided the Court

of Appeals), and goes on to blithely state that "the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit *might yet prevail* at the time of issuance of the search warrant."[1] Majority opinion at 347. (Emphasis supplied.) I cannot join this result.

Pronouncements of the United States Supreme Court notwithstanding, state courts are free, under state constitutional and statutory authority, to fashion rules of criminal procedure which give more, rather than less, protection to defendants than under federal law. See Oregon v. Hass, 420 U. S. 714, 719 (95 SC 1215, 43 LE2d 570) (1975); *LoGiudice v. State,* 251 Ga. 711, 715 n. 6 (309 SE2d 355) (1983) (Smith, J., dissenting); Brennan, State Constitutions and the Protection of Individual Rights, 90 Harv. L. Rev. 489 (1977). This is precisely what the Court of Appeals has done by imposing a separate state requirement of "non-staleness," above and beyond the traditional Aguilar-Spinelli requirements for informer reliability. This doctrine has been developed in a venerable line of cases beginning with *Fowler v. State,* supra, and coming to an abrupt (and unnecessary) halt in this case. See *Fowler v. State,* supra; *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513) (1971); *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894) (1973); *State v. Boswell,* 131 Ga. App. 657, 659 (206 SE2d 682) (1974); *Bachelor v. State,* 143 Ga. App. 442 (238 SE2d 579) (1977); *Reddish v. State,* 161 Ga. App. 170 (288 SE2d 266) (1982); *Luck v. State,* supra. I see nothing in Illinois v. Gates that requires reversal of these cases and abandonment of the independent Georgia timeliness requirement.

---

[1] The majority cites *Johnston v. State,* 227 Ga. 387, 390 (181 SE2d 42) (1971), as authority for this statement. The quoted language, however, is actually a subtle misstatement of *Johnston,* and is entirely inconsistent with subsequent decisions of the Court of Appeals. In *Johnston,* this court quoted the following language from *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447) (1970), the leading "staleness" case: "[I]t was not necessary that the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit *still prevailed* at the time of the issuance of the warrant." (Emphasis supplied) (compare the majority's restatement of this rule).

*Fowler v. State,* supra, was decided in 1970. Since then the Court of Appeals has construed *Fowler* to impose an independent state "staleness" requirement when reviewing informant affidavits and to require an affirmative showing of timeliness to appear on the face of the affidavit. See e.g., *State v. Boswell,* 131 Ga. App. 657, 659 (206 SE2d 682) (1974) (*Fowler* construed to require a specific date of the alleged criminal conduct). The majority simply fails to address this line of cases, which it necessarily overrules *sub silentio* by virtue of its decision today.

In *Tabb v. State,* 250 Ga. 317, 322-23 (297 SE2d 227) (1982), a case cited by the majority, this court said that "a magistrate must carefully consider the timeliness of the occurrence of the facts described in the supporting affidavit when making his probable cause determination." But how can a magistrate "carefully consider" facts that simply do not exist? As noted by the Court of Appeals and as is evident from an examination of the affidavit, no dates or times were recited here, and there was absolutely no information which affirmatively showed that the informer's tip was timely. 168 Ga. App. at 465. Given these circumstances, there was no basis for a reasonable person to believe that illegal drugs were then secreted at Luck's residence, there was no probable cause to support issuance of the warrant, and the conviction should be reversed.

As in *State v. Stephens,* 252 Ga. 181 (311 SE2d 823) (1984), the majority issues a lame "caveat" evincing its professed desire for completeness of hearsay affidavits and adherence to traditional Fourth Amendment values. My only response is that the majority's actions in this case and in *Stephens* speak louder than its words. Why, I ask, should issuing magistrates insist that applicants provide "the maximum quantum of reliable information," majority opinion at 348, when it is only too clear that a majority of this court will strive to fill in any gaps and correct all deficiencies in supporting affidavits?

I respectfully dissent.