## 67082. THE STATE v. SHAW.

SOGNIER, Judge.

The state appeals the granting of a motion to suppress evidence found on the business premises of Shaw in a search made pursuant to a warrant. The state contends it was error to grant the motion (1) because the information forming the basis of the warrant was not stale; (2) even if the search warrant was invalid the property seized was in plain view; and (3) inspection of VIN's (vehicle identification numbers) is not a search prohibited by the Fourth Amendment to the Constitution of the United States.

The evidence at the suppression hearing disclosed that on February 22, 1983 Scott Roberts, a GBI agent with the Auto Theft Squad, received information from an FBI agent that on September 15, 1982 Paul Shaw had sold a rear clip (the rear half of an automobile) of a stolen 1981 Chevrolet Monte Carlo in Cooksville, Tennessee. The car had been stolen on August 21, 1982. Based on this information, together with information that the National Auto Theft Bureau had a current investigation of the Paul Shaw Body Shop and the FBI had investigated him in the past, Roberts obtained a search warrant. In his affidavit Roberts stated that this information gave him probable cause to believe the front clip, engine and transmission of the stolen Monte Carlo was concealed at Shaw's body shop.

The warrant was issued on February 22, 1983 authorizing Roberts to search for and seize the front clip, engine and transmission of the stolen Monte Carlo. The warrant was executed by seven law enforcement officers and an investigator from the district attorney's office, with instructions to record the VIN of every motor vehicle at Shaw's. The VIN's of 65 vehicles were recorded, taken to the State Patrol Post in LaFayette, Georgia and run through a computer. It was discovered that a 1975 Ford pickup truck and a 1977 Volkswagen Scirocco on Shaw's property were stolen vehicles; he was charged with theft by receiving stolen property, namely, the 1975 Ford pickup. Based on this evidence the trial court granted Shaw's motion to suppress, and the state appeals. The state argues that due to the bulk and size of the front clip, engine and transmission from the stolen

Monte Carlo the information that Shaw had sold the rear clip over five months earlier was not stale. We agree.

When Roberts obtained the warrant in this case he knew that Shaw was under investigation for suspected auto theft and had been investigated in the past by the FBI for suspected auto theft. Since Shaw had sold the rear half of the 1981 Monte Carlo, Roberts had probable cause to believe that the front half of the Monte Carlo, together with its engine and transmission, was still concealed at Shaw's Body Shop. The determination of what time lapse is permissible depends upon several factors, including size, quantity, bulkiness, transportability and the nature of the product. *State v. Boswell*, 131 Ga. App. 657, 660-661 (1) (206 SE2d 682) (1974). Considering the fact that the front clip could not be driven, and there was no indication that it had been sold, it was reasonable to assume that the front clip was at Shaw's Body Shop, since Shaw was the individual who had sold the rear clip. Thus, we find that the information Roberts received was not stale under the circumstances of this case, and he had probable cause to believe the Monte Carlo was at Shaw's Body Shop.

Since the officers conducting the search were on Shaw's property pursuant to a valid search warrant, they were entitled to seize any contraband in plain view. Harris v. United States, 390 U. S. 234, 236 (88 SC 992, 19 LE2d 1067). The VIN's of the vehicles at Shaws were on the dashboards, readily visible through the windshield. What a person knowingly exposes to the public, even in his own home or office, is not a subject of the Fourth Amendment protection. Katz v. United States, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576). Thus, it was error for the trial court to grant Shaw's motion to suppress evidence.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1984 —
REHEARING DENIED MARCH 21, 1984 — 

*David L. Lomenick, Jr., District Attorney, Herbert E. Franklin, Jr., Assistant District Attorney,* for appellant.
*Wm. Ralph Hill, Jr.,* for appellee.