### A89A0626. RODRIGUEZ v. THE STATE.
(381 SE2d 529)

BANKE, Presiding Judge.

The appellant was convicted of possessing more than 28 ounces of cocaine and also of four separate counts of selling cocaine. On appeal, he contends that the trial court erred in denying his motion to suppress the contraband on which the possession conviction was based.

The contraband in question, consisting of one kilogram of 85-percent pure cocaine, was seized from an open barbeque pit located on the premises of the appellant's home. The cocaine was enclosed in some sort of fiberglass wrapping, which was, in turn, seated inside a plastic shopping bag, the contents of which were exposed to view on one end.

The seizure occurred on April 28, 1987. One week previously, on April 21, 1987, a GBI undercover agent had met with the appellant and another individual, identified as Pedro Grisanti, to arrange for the purchase of a kilogram of cocaine. The undercover agent testified that he had purchased smaller quantities of cocaine from the appellant on three separate occasions during June of 1986 and that he had also witnessed the appellant sell cocaine to a confidential informant during that time period. Shortly thereafter, he had begun discussing

with the appellant the possibility of purchasing a kilogram of cocaine; however, arrangements for the purchase were not finalized until his April 21, 1987, meeting with the appellant and Grisanti, at which time he was advised that the transaction would be consummated at the appellant's residence.

On April 28, 1987, the agent met with Grisanti at a shopping center and proceeded with him to the appellant's residence to take delivery of the cocaine. There, the men were met by other law enforcement officers, who secured the premises while the undercover agent left to obtain a warrant for the search of the premises. The agent had prepared the affidavit for the warrant ahead of time; and although it reflected the agent's prior dealings with the appellant, including the discussions which had taken place the previous week, it did not reflect the events which had transpired earlier that same day, nor was the magistrate apprised of these events orally. A search warrant was issued on the basis of the affidavit alone; and when the undercover agent arrived with it back at the appellant's residence, the package containing the kilogram of cocaine, which had already been observed sitting in the open barbeque pit, was seized. The officer who effected the seizure testified that, based on his training and "the numerous kilos we had seized in the past," he recognized the inner fiberglass wrapping, which was open to view inside the plastic shopping bag, to be "consistent with what kilos are packaged in." *Held*:

1. The appellant contends that the search warrant was invalid because the information contained in the affidavit was insufficient to establish probable cause for a belief that cocaine was currently being stored at his residence. However, In *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984), the United States Supreme Court held that evidence which is seized in good-faith reliance upon a search warrant issued by a neutral and detached magistrate will generally not be subject to suppression on Fourth Amendment grounds, regardless of whether the allegations upon which the magistrate based the issuance of the warrant were sufficient to establish the probable cause for the search. The Court reasoned as follows: "It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. '(O)nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.' (Cit.) Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. 486 U. S. at 921. The Court concluded that "[i]n the absence of an allegation that the magistrate abandoned

his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. 486 U. S. at 926.

In the case before us, the evidence demonstrates without dispute that the officer who seized the cocaine did so in good-faith reliance both on the validity of the warrant and on the existence of probable cause; and the impartiality and integrity of the issuing magistrate have not been challenged. Therefore, even assuming for the purpose of argument that the undercover agent's unsupplemented affidavit failed to establish probable cause for a belief that cocaine would be found on the appellant's premises, the trial court nevertheless acted properly in denying the motion to suppress.

2. Having held that the seizure of the cocaine was authorized pursuant to the good-faith exception to the exclusionary rule announced in *United States v. Leon*, supra, we do not reach the issue of whether, even without a warrant, the seizure would have been authorized under the "plain view" doctrine.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 3, 1989.

*Whitmer & Law, James H. Whitmer, Herman A. Watson*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.