## A89A1483. BETHA v. THE STATE.
### (386 SE2d 515)

SOGNIER, Judge.

Larry Betha was convicted by a jury of trafficking in cocaine, and he appeals.

1. Appellant first enumerates the general grounds. Construing the evidence to support the verdict, on November 15, 1988, pursuant to a search warrant officers from the Sandersville Police Department entered the home appellant shared with his girl friend. Although neither appellant nor his girl friend was present when the officers entered the residence to begin the search, appellant arrived during the search. Thirty point eight grams of cocaine were found above the ceiling in the closet of the only bedroom of the house, and .1 gram of cocaine was found wrapped in a piece of paper in appellant's pocket. Over $1,000 in cash was found in a bank bag in the bedroom closet, and $841 in cash was seized from appellant's pocket. Appellant testified that he had occupied the rented house for four years, and that his girl friend had shared the house with him for the last three of those. Appellant claimed a possessory interest in the premises, and also claimed both the money found in his pocket and that found in the closet, but disclaimed any knowledge of the cocaine found above the closet ceiling. He proffered no evidence that any other person had either regular or recent access to the premises. We find this evidence sufficient to enable a rational trier of fact to find appellant guilty of the offense charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by denying his motion to suppress because the affidavit in support of the search warrant did not contain sufficient information to enable the issuing judge to determine whether the events constituting probable cause were current rather than stale. The affiant, Patrolman Steve Hawthorne, averred that he had been contacted within the past three days by a confidential informant who said that "he was at [appellant's] house with friends and the friends bought crack from [appellant]." Hawthorne made further statements indicating the reliability of the confidential informant, and added that "[p]ersonal observation by affiant revealed that known drug users were frequenting [appellant's] residence at all hours of the night" and that he had checked city utility records and found that the utilities were registered in appellant's name. Appellant

argues that although the affidavit does indicate that the information from the confidential informant had been given to *Hawthorne* within the past three days, nothing in the affidavit indicates when the *informant* was at appellant's home with friends who purchased the drugs, nor does anything pinpoint the time of affiant's personal observation that known drug users were visiting the residence during unusual hours. See *Fowler v. State*, 121 Ga. App. 22 (172 SE2d 447) (1970). However, in *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984), the Supreme Court held that the "totality of the circumstances" analysis of *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983) should be adopted in resolving questions regarding the timeliness or staleness of information in an affidavit submitted in support of a request for a search warrant. While reiterating "the importance of the submission, by affidavit, to the issuing magistrate of the maximum quantum of reliable information within the knowledge of the affiant, and the demonstration of the reliability thereof — including indicia of timeliness," *Luck*, supra at 348, the Supreme Court indicated that "the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.] When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. [Cit.]" Id. at 347. Thus, we find that under the circumstances set forth in the affidavit in the case at bar there was sufficient evidence to create a reasonable belief that an ongoing scheme existed, and therefore, we find no merit in appellant's argument regarding staleness.

Further "[i]n *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984), the United States Supreme Court held that evidence which is seized in good-faith reliance upon a search warrant issued by a neutral and detached magistrate will generally not be subject to suppression on Fourth Amendment grounds, regardless of whether the allegations upon which the magistrate based the issuance of the warrant were sufficient to establish the probable cause for the search." *Rodriguez v. State*, 191 Ga. App. 241, 242 (381 SE2d 529) (1989). In *Leon*, the court concluded that "'[i]n the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.' [Cit.]" Id. at 926.

Consequently, because in the case at bar neither the neutrality and integrity of the issuing judge nor the honesty of the officers has been challenged, and the search and seizure were carried out in good

faith reliance upon the validity of the warrant, the trial court did not err by denying the motion to suppress. *Rodriguez*, supra at 243.

3. In his final enumeration of error, appellant challenges the propriety of the trial court's charge on joint possession. The charge in issue provided that "the law . . . recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. The jury would be authorized to convict only if they should find beyond a reasonable doubt that [appellant] knowingly had actual or constructive possession, either alone or jointly with another." Appellant contends that the charge, although correct as an abstract principle of law, was inappropriate here and confused and misled the jury, undermining the court's charge on equal access. We find nothing confusing or misleading about the charge. When there is any evidence on a particular point, it is not error to charge the law in relation to that issue. *Spivey v. State*, 186 Ga. App. 236 (1) (366 SE2d 838) (1988). Here, evidence adduced at trial showed appellant and his girl friend were the only persons living in the house when the search took place, and appellant admitted ownership of the money found in the bedroom closet. In the absence of evidence to the contrary, a rational trier of fact could reasonably have inferred that appellant was in constructive possession, either alone or jointly with his girl friend, of all the items seized from the bedroom closet. See *Luke v. State*, 178 Ga. App. 614, 615-616 (1) (344 SE2d 452) (1986); see also OCGA § 16-13-31 (a) (amended effective March 28, 1988; Ga. L. 1988, p. 420, § 2).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 11, 1989 —

*Reginald L. Bellury*, for appellant.
*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.