A90A0274. THE STATE v. TEDFORD.
(393 SE2d 502)

SOGNIER, Judge.

Richard Donald Tedford was arrested and charged with misdemeanor theft by taking. His motion to suppress the evidence obtained in searches of his car and home was granted, and the State appeals.

Appellee was employed by MARTA to repair the signs on its buses, and in that capacity appellee had access to the garages where the drivers returned the buses after completion of their routes. On December 30, 1987, a MARTA security officer discovered appellee on a bus parked at the Hamilton garage holding a brown paper bag containing $55.10 in coins and MARTA tokens. After determining that appellee had not been authorized to perform any repair work on that

bus, MARTA Sgt. Phillip Finley arrested appellee for theft of money and tokens from the bus fare box. Appellee had $2,686 in small bills on his person at the time of his arrest. Averring that for a number of months MARTA had been experiencing thefts from fare boxes of buses parked in its garages and that appellee had been found on a bus with money and tokens apparently taken from the bus, Sgt. Finley obtained a warrant to search appellee's car, where he found a small number of coins and tokens and a MARTA bus seat. Sgt. Finley then submitted another affidavit and application for a warrant for the search of appellee's house in which he described the events leading to appellee's arrest, detailed the evidence found in the search of the car, noted that appellee was a suspect in the prior thefts, and stated that officials of other transit systems had informed him that in cases of employee theft they often found large stashes of coins in the suspects' homes. The ensuing search yielded several milk jugs, wine bottles, and coffee cans filled with a total of $388.43 in coins and a few small bills.

Reasoning that the State did not have probable cause to search appellee's car, and thus the evidence found in the first search could not be used as a basis for obtaining the second warrant for the search of his home, the trial court granted appellee's motion to suppress the fruits of these searches, and in a supplemental order ruled the evidence found in appellee's car was inadmissible at trial.

The State contends there was probable cause for the searches at issue because appellee had been a suspect in the prior thefts as a consequence of the access to the buses his job afforded him, and he was apparently in the act of stealing money from a bus when he was discovered and arrested. We agree and reverse. Under the "totality of the circumstances" test, *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984), the magistrates who issued the warrants sub judice were authorized to conclude that there was a reasonable probability that contraband or evidence of a crime would be found in appellee's home and car. See id. at 348. The evidence set forth in the affidavits was sufficient to establish that appellee had been found on a bus without authorization holding a bag of coins and tokens; his job gave him regular access to buses in the garages; money and tokens previously had been stolen from the fare boxes of buses parked in the garages; and Sgt. Finley's investigations had led him to believe that the thief might have stored the fruits of these crimes in his home or car. Thus, there was a reasonable inference that some contraband might remain under appellee's dominion and control. See *State v. Boswell*, 131 Ga. App. 657, 661 (2) (206 SE2d 682) (1974); see generally *Luck*, supra.

We disagree with the trial court's conclusion that the searches were not authorized because the fruits of the crime for which he was arrested had already been seized, as that evidence, combined with ap-

pellee's unique access and the fact of prior similar thefts, reasonably led the investigators to conclude there was a fair probability of discovering evidence of other crimes. "Police investigation based on other similar and related incidents which, when studied as parts of a scheme or design, would lead the reasonable mind to light upon the particular suspect, comprises good probable cause. [Cits.]" *Wilkes v. State*, 166 Ga. App. 771, 772 (1) (305 SE2d 388) (1983). We also reject appellee's contention that the information concerning other thefts was "stale" because the affidavits indicated the presence of an ongoing scheme. *Luck*, supra at 347. "[W]e conclude the affidavit[s] in this case when subjected to a practical common-sense test clearly established probable cause to believe that [evidence or contraband] was then present in [appellee's] home [and car]." *State v. Fultz*, 171 Ga. App. 886, 889 (321 SE2d 381) (1984). Accordingly, the trial court erred by granting the motion to suppress and by issuing the supplemental order.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 16, 1990.

*James L. Webb, Solicitor, Michael A. Barkin, Assistant Solicitor*, for appellant.
*John R. Martin*, for appellee.