A91A0643. JONES v. THE STATE.
(406 SE2d 114)

ANDREWS, Judge.

Jones was convicted of one count of burglary, one count of arson in the first degree, two counts of arson in the third degree and one count of being an habitual felon.

The evidence presented at trial established that an office duplex in Dalton was burglarized and burned on the evening of March 11, 1990. The items stolen from the building before it was set on fire included a radiator-style heater and several telephones.

Around 6:30 on the evening of the crime, a female bypasser noticed a small red hatchback car parked behind the duplex and saw two white males taking items from the building to the car. She drove to the police department, reported the apparent burglary and described the vehicle and the men she had seen. A short time later, the witness passed the building again, saw that it was burning, and reported this fact to the fire department.

The police and fire authorities went to the building and one of the investigating police officers saw a small red hatchback which matched the bypasser's description drive past the burning office duplex. The officer stopped the vehicle, which was driven by Jones' nephew and in which Jones was a passenger, and learned the identity and addresses of the four passengers. During the ensuing conversation, the officer spotted a radiator-style heater and a telephone cord sticking out of a box in the back of the car. Because there were more occupants in the vehicle than the bypasser had described, the officer did not detain the vehicle.

After further investigation, the officers concluded that the items which were seen in the red car matched those which were stolen from the office building. After obtaining a warrant, the investigation moved to Jones' nephew's home, where the officers were told that the stolen property had been deposited at Jones' house.

After learning this information, a search warrant was obtained for Jones' residence, his home was searched, stolen items from the office building were found and Jones was arrested.

1. In his first enumeration of error, Jones contends that the trial court erred in denying his motion to suppress evidence seized at his

residence. Jones contends that the search warrant's omission of the date of the commission of the crime rendered it invalid and that the evidence found in the search should have been excluded.

Although the date of the commission of the crime was not listed on the March 12, 1990 warrant, the affidavit submitted to the magistrate was not devoid of reference to time. In the affidavit, the investigating officer swore that during the traffic stop on March 11 he had seen items in the vehicle in which Jones was riding which appeared to be "stolen items taken from the burglary earlier in the city limits of Dalton, Ga. at Diversied [sic] Specialties. . . ."

The exact date of the crime is not critical to the instant determination of whether the warrant was legally issued. The question before the magistrate was whether there was probable cause to believe that the items stolen in that burglary were at the residence for which the warrant was sought.

"Time is assuredly an element of the concept of probable cause. [Cits.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cits.]" *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984). The warrant's validity is to be judged by the "totality of the circumstances." *Luck*, supra; see also *Betha v. State*, 192 Ga. App. 789 (386 SE2d 515) (1989); *State v. Tedford*, 195 Ga. App. 372 (393 SE2d 502) (1990).

Here, the magistrate who issued the warrant was authorized to conclude that there was a reasonable probability that evidence of the crime would be found in Jones' house. See *Tedford*, supra at 373. The factual statements within the affidavit were sufficient to create a reasonable belief that the conditions described in the affidavit would prevail at the time of the issuance of the warrant and therefore Jones' first enumeration of error is without merit.

2. Jones contends that the trial court erred in denying his motion for new trial in that the evidence was insufficient to support his conviction for burglary and arson.

After examining the entire transcript, we find the evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A rational trier of fact could have found Jones guilty beyond a reasonable doubt and this enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 22, 1991.

J. Tracy Ward, for appellant.
Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney, for appellee.