### A92A1017. MUNSON v. THE STATE.
(424 SE2d 290)

ANDREWS, Judge.

Munson was tried and convicted of growing marijuana in violation of the Georgia Controlled Substances Act and appeals. In his sole enumeration of error he contends that the trial court erred by failing to grant his motion to suppress in that the affidavit forming the basis for the issuance of the warrant was insufficient.

The affidavit, which Henry County Officer Scott Perry executed before the magistrate, stated: "Within the past (24) twenty-four hours, prior to date and time of this affidavit, your Affiant was contacted by a Confidential and Reliable Informant. Said source stated to your affiant that he/she was told by an unwitting [third party source of information] that said third party had been at 451 Old Hudson Bridge Road within the past (7) seven days and observed marijuana being grown at said residence. Said unwitting further stated to Confidential Informant that he/she had been in residence before and observed marijuana and other controlled substances being used and sold at 451 Old Hudson Bridge Road. Said third party did not know that the Confidential Informant would contact the Sheriff's Department and give them the information. Said Confidential Informant was also told by unwitting that Alvin Munson works for the Clayton County Water Authority and Alvin Munson has marijuana growing in Clayton County on property that is owned by Clayton County Water Authority."

In the affidavit, Officer Perry swore that he had conducted an independent investigation in which he confirmed Munson's address, that he owned a car, worked for Clayton County Water Authority and that he had been arrested before. Further, the affiant contacted the Clayton County Narcotic Task Force which investigated and found marijuana growing on the Clayton County Water Authority property. The affidavit concluded with a description of the location of the property.

At the hearing on the motion to suppress, Officer Perry testified that the confidential informant had never previously provided him with information, but that a Clayton County narcotics detective had informed him that based on information from this informant, four previous arrests for marijuana and cocaine possession had been made. Officer Perry further testified that due to a mistake on his part this information was omitted from the affidavit. The officer testified that the confidential informant did not know the name of the "unwitting"

who related the information to him. He also testified that all the information was true and that he had no reason to believe that the search warrant was not a valid search warrant.

Munson raises a number of arguments regarding the affidavit, including that it does not support the reliability and credibility of the confidential informant because the informant received the information from an unknown third party. "Assuming without deciding that the affidavit did not provide the issuing magistrate with probable cause to believe that contraband would be found . . ., the exclusionary rule has nevertheless been modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective. *United States v. Leon*, 468 U. S. 897, 905 (104 SC 3405, 82 LE2d 677) (1984)." (Punctuation omitted.) *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989).

"It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law. Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations. Id. 468 U. S at 921. The Court concluded that in the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. Id. 468 U. S. at 926." (Citations and punctuation omitted.) *Rodriguez v. State*, 191 Ga. App. 241, 242 (381 SE2d 529) (1989).

"In the case before us, the evidence demonstrates without dispute that the officer who seized the [marijuana] did so in good faith reliance both on the validity of the warrant and on the existence of probable cause; and the impartiality and integrity of the issuing magistrate have not been challenged. Therefore, even assuming for the purpose of argument that the . . . affidavit failed to establish probable cause for a belief that [marijuana] would be found on the appellant's premises, the trial court nevertheless acted properly in denying the motion to suppress." *Rodriguez*, supra at 243; see also *Talley v. State*, 200 Ga. App. 442 (3) (d) (408 SE2d 463) (1991).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992

*Edea M. Caldwell*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.